Filed Dec. 15, 1883.

---

No. 10,779.

BREIDERT v. KRUEGER.

PRACTICE.—*Pleading.*—*Failure to Reply.*—*Harmless Error.*—There was an an-
swer in five paragraphs, and, upon rule to reply, there were replies filed
only to the first and sixth, to which replies demurrers were sustained,
exceptions taken and leave to amend, but the plaintiff refused to amend,

and thereupon it appeared by the record that, "the plaintiff failing to amend or to make further reply," judgment was rendered for the defendant on the pleadings. The fourth paragraph of the answer contained a good affirmative defence.

*Held,* that a failure to reply to the fourth paragraph of the answer admitted its truth under the statute, R. S. 1881, sections 357, 383, and entitled the defendant to judgment.

*Held,* also, that under the circumstances the ruling upon the demurrers to the replies was harmless, and error therein is not available in the Supreme Court.

From the Noble Circuit Court.

*V. C. Mains,* for appellant.

*A. A. Chapin* and *R. P. Barr,* for appellee.

BLACK, C.—The appellant sued the appellee on his undertaking as surety for the lessee upon a lease of certain real estate in Noble county, executed by the appellant to one Peck, to recover a certain amount alleged to be due as rent accrued and unpaid. The complaint was in one paragraph. The appellee answered in six paragraphs, and there was a rule to reply. The appellant replied in three paragraphs. The appellee demurred to the second and third paragraphs of the reply severally. Pending the demurrer, the appellee, with consent of the court, withdrew the fifth paragraph of his answer, and the appellant withdrew the first paragraph of his reply. The court then sustained the demurrer to the second and third paragraphs of the reply, to which ruling the appellant excepted. Leave was granted to the appellant to amend the second and third paragraphs of his reply, but he refused to amend, and announced to the court that he would "abide his said reply."

The record next shows that "the plaintiff failing to amend his reply, or to make further reply, the court here now renders judgment in favor of the defendant upon the pleadings in said cause;" and thereupon judgment was rendered for the appellee.

The appellant has assigned that the court erred in sustaining the demurrer to the second and third paragraphs of the

reply, in not sustaining said demurrer to the first and sixth paragraphs of the answer, and in rendering judgment on said demurrer against the plaintiff.

The second paragraph of the reply was directed only to the first paragraph of the answer, and the third paragraph of the reply was directed only to the sixth paragraph of the answer. There was no reply to any other paragraph of the answer. The grounds of defence stated in the first and sixth paragraphs of answer were wholly different from those stated in other paragraphs. The second and third paragraphs of answer, which were in substance alike, amounted, perhaps, to argumentative denials. The fourth paragraph was a good plea of full payment.

Section 401, R. S. 1881, provides: ." If, from any cause, either party shall fail to plead or make up the issues within the time prescribed, the court shall forthwith enter judgment as upon a default, unless, for good cause shown, further time be given for pleading, on the payment of the costs occasioned by the delay."

The appellant, having been ruled to reply, filed a reply, one paragraph of which, the contents of which we do not know, he withdrew. His failure to reply to the fourth paragraph of the answer amounted to an admission that the affirmative defence thereby set up was true. *Preston* v. *Sandford*, 21 Ind. 156; sections 357, 383, R. S. 1881.

If the court erred in sustaining a demurrer to a reply to a paragraph of answer, the plaintiff can not claim to have been harmed by the ruling, if he admitted another paragraph, presenting a different and a sufficient defence to the entire complaint, to be true.

If the defendant had gone to trial without a reply to the fourth paragraph of his answer, this would have been a waiver of a reply to that paragraph, which would have been taken as if denied. Here there was no waiver, and the paragraph was to be taken as true. If the plaintiff was entitled to a trial, he did not ask for one, or object to the rendering

of judgment without one, or except to the rendition of the judgment; and if there was error in rendering judgment without a trial, the plaintiff could not here complain of it. But refusing to reply to a full affirmative defence, he had no right to require a trial to determine whether there were, or were not, also other defences, or to complain because his sufficient reply to other defences was held insufficient. One full defence is enough to defeat an action, and if it be established, errors not affecting it can not be ground for reversing the judgment for the defendant.

We find no available error.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs.

Filed Oct. 13, 1883. Petition for a rehearing overruled Dec. 15, 1883.