No. 132.

## ADAMS, ADMINISTRATOR, *v.* TULEY ET AL.

PLEADING.—*Failure to Reply.*—*Judgment.*—The failure to reply to a paragraph of answer containing a good affirmative defence admits its truth, and entitles the defendant to judgment; and the insufficiency of the other paragraphs of the answer is immaterial.

From the Miami Circuit Court.

*J. F. Morrison, A. Sherman* and *W. E. Mowbray,* for appellant.

*S. T. McConnell* and *T. J. Tuley,* for appellees.

BLACK, J.—The appellant's complaint consisted of five paragraphs, in each of which it was sought to recover money which was alleged to be due the estate represented by the appellant, and which it was averred the appellees had obtained, in the lifetime of appellant's intestate, through a judgment recovered for the intestate in a certain action instituted and carried on by the appellees as attorneys at law on behalf of the intestate.

The appellees answered in six paragraphs, the first being a general denial, and the second a general answer of payment.

The appellant demurred to the third, fourth, fifth and sixth paragraphs of answer, and the demurrer was overruled.

Appellant then moved to strike out the fifth paragraph of answer, and the motion was overruled.

Appellant replied by denial to the second, third, fourth and sixth paragraphs of answer. To the fifth paragraph of answer he replied in two paragraphs, the first a general denial, the second an affirmative reply. Appellees demurred to this second paragraph of reply, and the demurrer was sustained.

At a subsequent day appellant withdrew all the replies in denial theretofore filed, and appellees withdrew their answer in denial. Appellant declining to plead further, it was found

by the court that the appellees were entitled to have judgment on their answers, to which no reply was interposed. Thereupon judgment was rendered that the appellant take nothing by the action, and that the appellees recover their costs of the appellant.

In this court the appellant has assigned as errors the overruling of his demurrer to the third, fourth, fifth and sixth paragraphs of answer, the overruling of his motion to strike out the fifth paragraph of answer, and the sustaining of the demurrer to the second paragraph of reply to the fifth paragraph of answer.

The second paragraph of answer was a good affirmative defence to the entire complaint to which it was addressed. Its sufficiency was not questioned. The appellant replied to it by denial, but afterward withdrew all his replies in denial. The only affirmative paragraph of reply filed was addressed to the fifth paragraph of answer alone. Thus it appears that to a paragraph of answer stating a complete defence and standing in the record without any pleading responding to it, the appellant declined to reply.

Upon this declination of the appellant to plead further, it was the duty of the court to enter judgment, as was done. Section 401, R. S. 1881.

The refusal to reply to the second paragraph of answer amounted to an admission that the defence set up therein was true.

"Every material allegation of new matter in the answer not controverted by the reply, shall, for the purpose of the action, be taken as true." Section 383, R. S. 1881.

Such an admission, for the purposes of the action, of a complete defence to the cause of action stated in the complaint, renders immaterial the question whether other paragraphs of answer held sufficient by the court upon demurrer were insufficient, and the question whether one of said other paragraphs of answer should have been struck out on the motion therefor, and the question whether there was error in

sustaining a demurrer to an affirmative reply to one of said other paragraphs of answer.

One full defence confessed necessarily defeated the action, and errors concerning other defences or replies thereto could not prevent such a result or authorize this court to reverse it. *Breidert* v. *Krueger*, 92 Ind. 142; *Lilly* v. *Dunn*, 96 Ind. 220 (228).

The judgment is affirmed, with costs.

Filed May 26, 1891.