Filed Jan. 3, 1894.

---

No. 798.

## The Walter A. Wood Mowing and Reaping Machine Company *v.* Niehause.

PLEADING.—*Answer.—When too Narrow.—Demurrer.*—An answer must fully cover the entire complaint, or so much thereof as it purports to answer, or it will be insufficient on demurrer.

From the Posey Circuit Court.

*D. O. Barker* and *F. P. Leonard,* for appellant.

*L. M. Wade* and *W. P. Edson,* for appellee.

DAVIS, C. J.—The foundation of this action is a written order, executed by appellee to appellant, for one "new single apron Wood binder (1891) carrier, six foot cut, including usual extras," at $128, and "one tarpaulin, $4."

The order, on the back of which a warranty is printed, is filed with, and made part of, appellant's complaint, as exhibit A.

The allegation in the complaint is that appellee agreed to pay $128 for the binder and $4 for the tarpaulin.

Appellee filed an answer in one paragraph, in the nature of a counterclaim, in which he "admits the execution of the contract or order sued on, but says that the same was executed in consideration of the sale by plaintiff to the defendant, of the mowing and reaping machine mentioned therein, and in consideration of the warranty of the plaintiff indorsed on the said order or contract sued on, and that as a breach of said warranty," etc.

There is no averment in the answer that the tarpaulin was a part of the machine or that the tarpaulin and machine constituted a joint purchase.

The only error assigned is the overruling of the demurrer to this answer.

Appellant contends that the answer is insufficient for two reasons:

"First. Because it purports to answer all of the complaint, whereas, in fact, it answers but a part therof, i. e., that part seeking to recover for the price of the machine. Nowhere does the answer refer to the tarpaulin, or set up any facts in bar of a recovery of the purchase-price thereof.

"Second. Said answer is bad for the reason that the foundation thereof is the written and printed warranty upon the back of the order executed by appellant to appellee, and such warranty is not made a part of the pleading."

There is, in the answer, as we have seen, a plain reference to the contract "sued on," which the complaint alleges "is herewith filed and made a part hereof, marked exhibit A," but it should be borne in mind that the order is signed by appellee alone, and that the warranty only is signed by appellant. If the warranty was the instrument sued on, then the reference thereto in the an-

swer would be a sufficient showing that it was also the foundation of the counterclaim. *Sidener* v. *Davis*, 69 Ind. 336 (341).

The two writings should be construed together in determining the rights of the parties, but it is doubtful whether making the order signed by appellee a part of the complaint by reference thereto as exhibit A, is sufficient to make the warranty indorsed on the back thereof, signed by appellant, a part of the answer. The warranty is not incorporated or included in the order. As, in the view we take of the case, the answer is bad for another reason, it is not necessary to further consider this question.

It is conceded, by appellee, "that it is a general rule of pleading that an answer must fully answer the entire complaint, or so much thereof as it purports to answer," but it is insisted that the rule has no application in this case, for the reason that the tarpaulin was a part of the machine; that it was made for and fitted to the machine; that it was for the preservation of the machine; that the only difference between the tarpaulin and the paint is that the paint is permanently attached to the machine and that the tarpaulin, like the shifting top of a buggy, can be attached to or removed from it at the pleasure of the owner.

There is much force in the reasoning of counsel, and if the facts on which this argument is predicated were shown in the answer, the answer would perhaps be sufficient to withstand the demurrer.

We have noticed that the order mentions the machine and tarpaulin separately. They are treated as separate purchases in the complaint. There is nothing disclosing, except inferentially, that the tarpaulin was a covering for the machine. The answer ignores the tarpaulin entirely, and seeks to defeat a recovery in any amount

by reason of the alleged failure of the warranty on the binder.

Judgment reversed, with instructions to sustain the demurrer to the answer, with leave on part of appellee to amend, at costs of appellee.

Filed Jan. 3, 1894.