No. 1,653.

## KERN *v.* SAUL.

APPEAL.—*From What Judgment an Appeal Will Lie.*—A judgment that plaintiff take nothing by his complaint, and that defendant recover his costs, on overruling a demurrer to one paragraph of the answer, is a final judgment, although a reply was made to another paragraph, from which, under section 644, R. S. 1894, an appeal will lie.

PLEADING.—*Answer.*—*Insufficient as a Plea of Failure of Consideration.*—An answer setting up that the note in suit was given for the unpaid purchase-price of a buggy sold under a warranty, for $100, and that there has been a breach of the warranty, that the defendant has paid $60, and that the buggy is not worth more than $40, is insufficient as a plea of failure of consideration, in the absence of any allegation as to what the buggy would have been worth if it had been as warranted, or as to the depreciation in value from the breach.

From the Howard Circuit Court.

*Moon & Wolf*, for appellant.

*Blacklidge & Shirley*, for appellee.

DAVIS, J.—The foundation of this action is a promissory note, executed by the appellee to the appellant. The appellee answered in four paragraphs:

1.   General denial.
2.   Payment.
3.   Failure of consideration.

The fourth is substantially the same as the third.

To the second paragraph the appellant replied, and demurred to the third and fourth paragraphs. The demurrer was overruled to each paragraph. The appellant elected to stand on such rulings and declined to plead further. Final judgment was thereupon rendered

against appellant that he should take nothing by his complaint, and that appellee recover his costs. The errors assigned are, that the court erred in overruling the demurrer to each paragraph of the answer. On the failure of appellant to controvert the material allegations of the third and fourth paragraphs of the answer by reply, the court was required by the statute to take the same as true for the purpose of the action. Section 386, R. S. 1894; *Adams, Admr.*, v. *Tuley*, 1 Ind. App. 490.

The appellant, by a reply of general denial, controverted the answer of payment. On the failure of appellant to reply to the third and fourth paragraphs of answer, after the several demurrers thereto were overruled, the court was required by the statute to render final judgment against him as upon a default. Section 348, R. S. 1894. The judgment that appellant should take nothing by his complaint, and that appellee should recover his costs, was an ultimate determination of the court upon the whole controversy in the action. *City of Jeffersonville* v. *Tomlin*, 7 Ind. App. 681. It is error to overrule a demurrer to an insufficient paragraph of answer, unless it affirmatively appears that the ruling was harmless. *Norris* v. *Tice*, 13 Ind. App. 17.

The confession, for the purpose of the action, that the facts alleged in the third and fourth paragraphs of the answer are true, necessarily defeats the action, if either paragraph is sufficient to constitute a defense. *Adams, Admr.*, v. *Tuley, supra.*

The answer of payment has not been confessed, but the defense of failure of consideration, if sufficient, has been confessed and the admission of the truth of the facts alleged in one good paragraph of answer neces-

sarily defeats the action.    *Breidert* v. *Krueger*, 92 Ind. 142.

From the judgment rendered against appellant, he had a right to appeal. Section 644, R. S. 1894. The third and fourth paragraphs of the answer are substantially the same, and they stand or fall together. The question for our consideration, therefore, is whether either of said paragraphs states facts sufficient to constitute a defense to the cause of action. In other words, if the final judgment in the court below was rendered against the appellant on the demurrer to bad paragraphs of answer, the judgment should be reversed. *Norris* v. *Tice, supra.*

It is true there has been no disposition of the issue made by the reply to the answer of payment, but in view of the conclusion of the trial court that the facts alleged in the third and fourth paragraphs of the answer constituted a complete bar to the action, the entire controversy was determined without reference to this issue. If there was a failure of consideration, there could be no recovery on the note, and the issue of payment was immaterial.

In *Clearwater* v. *Meredith*, 1 Wall. 25, page 43, the court says: "If the plea was true, being a complete defense, it would have been useless to have tried other issues, for no matter how they might terminate, judgment must still be for the defendants." See also *United States* v. *Ballard*, 14 Wall. 457.

On the other hand, if payment had been either proven or confessed, this would have determined the entire controversy, and whether the third and fourth paragraphs were good or bad would be immaterial. As the record comes to us, it affirmatively appears that the judgment of the trial court was predicated upon the third and fourth paragraphs of the answer, and not

upon the answer of payment.    It is alleged in the third paragraph of the answer that the appellee purchased of the appellant a buggy at and for the agreed price of $100 ; that the note in suit was executed as evidence of the unpaid purchase-price ; that he has paid $60 on the purchase-price ; that the buggy was warranted in writing, in certain respects, for one year, and breaches of the warranty are alleged ; that the buggy was not in fact worth more than $40, but what the buggy would have been worth if it had been as warranted is not alleged.    The depreciation in value on account of the breach of the warranty is not averred.    The written warranty, or copy thereof, is not filed with the pleading.    Whether considered as answer of failure of consideration, or as answer for recoupment of damages on account of breaches of the warranty, these answers are not sufficient.    Section 365, R. S. 1894 ; *Miller* v. *Bottenberg,* —— Ind. App. ——, 41 N. E. Rep. 804 ; *Wood, etc., Co.* v. *Irons,* 10 Ind. App. 454 ; *Wood, etc., Co.* v. *Niehause,* 8 Ind. App. 502 ; *Springfield, etc., Co.* v. *Kennedy,* 7 Ind. App. 502 ; *Aultman & Co.* v. *Richardson,* 10 Ind. App. 413.

Counsel for appellee say :    ''The defense sought in this case is a failure of consideration as to the unpaid portion in suit, and the only question for this court to determine is as to whether such a defense is well pleaded.''

As we have seen, the effect of the answer is that the appellee has paid all the buggy was worth.    This, however, is not sufficient to show that there has been a failure of consideration.    It appears that appellee has the buggy and the warranty, and that the buggy was of some value, but to what extent, if any, there has been a depreciation in value by reason of the breach of the warranty is not shown.

Judgment reversed, with instructions to sustain the demurrer to third and fourth paragraphs of answer, with leave to amend if desired.

Filed December 17, 1895.