German Mutual Insurance Company of Indiana *v.* Glasco *et al.*

No. 1,830.

## German Mutual Insurance Company of Indiana *v.* Glasco et al.

PLEADING. — *Answer.* —.*Insurance.*— *Action on Agent's Bond.* — An answer in an action on the bond of an insurance agent for the faithful performance of his duties as such, in which the complainant alleges a breach of the bond in failing to report a policy issued by him on an extra hazardous risk which the company was obliged to pay, and also in failing to remit any part of the premium on such policy, is bad where it purports to answer the entire complaint, and fails to excuse or deny the failure to remit.

From the Madison Circuit Court.

*J. W. Lovett* and *H. C. Ryan*, for appellant.

*F. A. Walker* and *F. P. Foster*, for appellee.

GAVIN, C. J.—The appellee Glasco was in 1892 appointed local agent for appellant at Anderson. To secure the faithful performance of his duties as such agent he with his co-appellees executed the bond sued on in this action. Appellant, in its complaint, avers that it was part of said Glasco's duty to make to it daily reports of each policy issued ; that on December 11, 1893, he issued, in appellant's name, a policy, No. 26,390, to one Stinson, insuring a saloon stock in a town which had

German Mutual Insurance Company of Indiana *v.* Glasco *et al.*

no fire protection, the stock being also mortgaged, the risk being extra hazardous and such a one as appellant would not knowingly have accepted; that instead of reporting this policy as it was written, said Glasco falsely reported it to have been issued to one Jackson, upon a dwelling house in Anderson. It is further averred that appellant had no knowledge whatever of the issuing of said policy until in March, 1894, after the destruction of the property by fire, when it was called on by Stinson to pay the loss which it was compelled to to and did do. It is also averred that no part of the premium which had been received by Glasco for the Stinson policy was ever paid or remitted to appellant, although it was his duty under his contract to remit the same as soon as received. The complaint further alleges that had appellant been informed of the issuance of the policy to him, it would have canceled it, and asks to recover the amount it was damaged by such conduct of said Glasco.

By their second paragraph of answer, all the appellees uniting admit execution of the bond, the issuance of the Stinson policy as averred in the complaint, the payment of the loss, and that he made a daily report, as such agent, to the plaintiff company, showing that policy No. 26,390 had been issued to Florence Jackson for an insurance of $1,000.00 on her dwelling house at Anderson, Indiana, but it is alleged that Glasco did about this same time issue such a policy to Florence Jackson, being No. 26,391, and by mistake and inadvertence he reported No. 26,390 as issued to Jackson. There are also averments as to the failure of appellant to make proper examination of its agent's books.

To this answer a demurrer was overruled.

The failure to pay over the premium when due is expressly alleged as a violation of the agent's duty and

German Mutual Insurance Company of Indiana *v.* Glasco *et al.*

this was a breach of the bond which is nowhere denied by the answer, nor is any excuse for such nonpayment disclosed. There is an entire failure on the part of appellees to meet and answer this breach of the bond. The pleading which purports to answer the entire complaint fails to do so and is therefore bad. *Wood, Walter A., Mowing, etc., Machine Co.* v. *Niehause,* 8 Ind. App. 502.

It is doubtless true that the more important and principal breach assigned is the failure to report the policy to the company, yet the other cannot be disregarded.

Counsel for appellees construe their answer as being in effect a denial of the failure to make such report and an averment that the report was made but a wrong number given in it by oversight. If this was the intention of the pleader we are of opinion that apt words have not been used to clearly express this meaning..

Whether the complaint counts upon intentional wrongdoing by the agent or upon mere carelessness in the performance of his duties is not altogether plain. Since the cause must be reversed we do not deem it necessary to pass upon other questions argued by counsel which may not again arise.

Judgment reversed, with instruction to the trial court to sustain the demurrer to the second paragraph of answer, with leave to all parties to amend pleadings if desired.

Filed December 19, 1895.