Simons, Administrator, *v.* Beaver.

---

### SIMONS, ADMINISTRATOR, *v.* BEAVER.

[No. 1,871.   Filed May 6, 1896.   Rehearing denied December 30, 1896.]

LIMITATION OF ACTIONS.—*Agreement as to When Claim is to be Paid.*—Where it is agreed that a claim for services is to be paid at the time of settlement of a certain estate, the statute of limitations does not begin to run against an action on the claim until such estate is settled.

APPEAL.—*Review of Evidence.*—If there is no evidence to support the verdict or finding, or if there is no evidence to support any material fact essential to the verdict or finding, then such verdict or finding is an error of law and may be reviewed on appeal; on the other hand if there is some evidence to support each material fact essential to the verdict or finding, there can be no review.

From the Allen Circuit Court.   *Affirmed.*

*W. J. Vesey* and *O. N. Heaton,* for appellant.

*P. A. Randall* and *N. D. Doughman,* for appellee.

LOTZ, J.—The appellee filed a claim against the estate of Oscar A. Simons, deceased, for services alleged to have been rendered by the appellee for the decedent in the purchase of an interest in certain real estate, situate near Cadillac, Michigan. In the circuit court there was a trial by jury, which resulted in a verdict for the appellee in the sum of $500.00.

The only error assigned in this court is the overruling of appellant's motion for a new trial. It is insisted that the verdict is not supported by sufficient evidence and is contrary to the law.

On the trial of the cause the appellee gave evidence which tended to prove that in 1881 the decedent was a trustee for himself and others of a large amount of property at Cadillac, Michigan, in which the decedent owned a one-fourth interest and the estate of one Mitchell, owned a one-half interest; the decedent was desirous of purchasing the interest of the Mitchell estate, and he procured the appellee to make the purchase in his own name. The purchase was made in 1882, and subsequently in the same year the appellee conveyed such interest to the decedent, and the decedent promised to pay appellee for his services as soon as the Mitchell estate should be settled. The Mitchell estate was settled in the year of 1884. This claim was filed August 14, 1889.

The appellant's contention is that the demand accrued in 1882 when the services were rendered and that it is consequently barred by the six-year statute of limitations.

There was evidence that tended to show that the demand should not accrue until the settlement of the Mitchell estate and as this did not occur until 1884, the statute did not begin to run until that time. In this view of the case the claim was not barred.

The rule is that the plaintiff must produce some evi-

dence having legal weight tending to establish every material fact essential to a recovery. If he fail to produce any evidence upon any such fact, then the verdict or finding is contrary to the law, and is not supported by sufficient evidence. This court will look into the record for the purpose of ascertaining whether or not there is any evidence upon any one of the essential facts necessary to support a recovery. If there be no evidence then there is a failure of proof and this court may so declare. Or if the proof of a defense be undisputed, and the plaintiff have a verdict, this court may declare that the verdict is contrary to the law. But if upon any material fact essential to the cause of action or defense, there is any evidence having legal weight, or upon which there is a conflict, those are questions for the jury and trial court, and the legislature has expressly forbidden an appellate court to review them. On appeal, this court considers errors of law only, and not errors of fact. *Deal* v. *State*, 140 Ind. 354.

There was some evidence on every material issue in this case. This evidence was conflicting. We are not permitted to weigh it.

We find no reversible error in the record.

Judgment affirmed.

### ON PETITION FOR REHEARING.

LOTZ, C. J.—The appellant insists that the court failed to dispose of two of his contentions on the former hearing.

The appellee's claim was not filed thirty days before the final settlement of the estate, and it is insisted that it was barred under the provisions of section 2465, Burns' R. S. 1894 (2310, Horner's R. S. 1896), see, also, *Roberts* v. *Spencer*, 112 Ind. 81; *Schrichte* v. *Stites'*

*Estate*, 127 Ind. 427.  It appears, however, that there were pending, exceptions to the confirmation of the report by interested parties, and the appellee had prepared and was ready to show to the court certain reasons why his claim should be allowed, notwithstanding the filing of the report, when it was agreed between the appellant's counsel and appellee's counsel that if appellee would refrain from and withdraw the showing and not attempt to prevent the confirmation of the report, that appellee's rights to have his claim allowed should not be prejudiced in the least, and that the same might be heard and tried; that acting upon this agreement the appellee did not present his showing and allowed the report to be heard.

Whether or not this showing is sufficient to avoid the statute, we need not determine.  In his original brief the appellant did not discuss the effect of this agreement.  This language is used: "We simply call the attention of the court to the statement and desire it to give full force to our agreement and express the hope that it will not be necessary to consider this question."

A party cannot be regarded as having stated a point when he does no more than assert in general terms that a ruling is erroneous.  He must point out specifically wherein the ruling complained of is erroneous.  A mere general assertion that a ruling is erroneous is not the making of a point.  *Louisville, etc., R. R. Co.* v. *Berry*, 9 Ind. App. 63, 71.  We did not dispose of this question on the former hearing for the reason that we did not consider the point made.

On the trial of the cause, the appellant offered in evidence a contract of settlement made between the appellant's decedent and the appellee in which the appellee made no claim for the services now in controversy.  This offer was excluded.  The settlement,

however, was made by the decedent as trustee and the appellee, as manager, of the Fort Wayne Lumber Company and not by either of them in his individual capacity. There was no error in excluding it.

Petition overruled.