## HIBBERD v. TRASK ET AL.

[No. 19,830. Filed May 1, 1903.]

WILLS.—*By Married Women.—Divorce.—Remarriage.*—Where a married woman executes a will and thereafter is divorced, her remarriage to her former husband does not, under §2732 Burns 1901, operate as a revocation of the will. *pp. 501-504.*

SAME.—*By Married Women.—Revocation.*—An agreement by a married woman with her husband that if he will not make a will and he should die before she died, she will make a will making certain gifts, does not operate to revoke her existing will, but at

most creates a charge upon the property inherited by the wife from her husband in favor of the persons for whom she failed to make provision according to the agreement. *p. 504.*

PLEADING.—*Failure to Reply.*—*Judgment on Pleadings.*—Where a reply of confession and avoidance is filed to a good special answer, and a demurrer to such reply is sustained, the failure to reply further entitles the defendant to a judgment on the pleadings. *pp. 504, 505.*

From Wayne Circuit Court; *H. C. Fox,* Judge.

Suit by Milton L. Hibberd against Irene W. Trask and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*S. C. Whitesell,* for appellant.
*T. J. Study,* for appellees.

DOWLING, J.—The complaint in this case alleged that the appellant, who was the plaintiff below, together with the defendant named therein, were the owners in fee simple of certain lands situated in Wayne county, Indiana; that each of them was the owner of the undivided one-seventh of said lands, and that they held said lands as tenants in common. It also averred that the appellee Irene W. Trask, one of the defendants, claimed to be the owner of the whole of said lands. Prayer that the title of said lands be quieted as against the said Irene W. Trask, that partition of the same be made among the said owners, and that their interests be allotted to them in severalty. All the defendants except Trask made default. The latter filed an answer in two paragraphs, the first being a general denial.

The special answer stated that one Anna L. Bickle died, testate, January 21, 1901, and that at the time of her death she owned in fee simple, in her own right, the whole of the real estate described in the complaint; that on April 4, 1865, being then over twenty-one years of age, and competent to execute a valid will, the said Anna L. Bickle made her last will in writing, which was duly attested, and that by said will the said testatrix devised all of her property,

real and personal, to the said Irene W. Trask; that said will remained in force and unrevoked until the death of the said Anna L. Bickle, and that after her death, on January 26, 1901, the said will was duly admitted to probate in the circuit court of said Wayne county; that among the property so devised to her, the said Irene W. Trask, was the whole of the real estate described in the complaint, and that she was the owner in fee simple in severalty of the said lands; that the appellant had no title to or interest in the same, or in any part thereof, and was not entitled to have partition of said real estate.

To this answer the appellant filed a reply, stating that at the time of the execution of the supposed will of the said Anna L. Bickle, mentioned in the answer of the appellee Trask, the said Anna L. was the lawful wife of one William A. Bickle; that at the time of the execution of said will, the said Anna L. and William A. Bickle were estranged from each other and lived apart; that on March 6, 1866, in an action then pending in the Wayne Circuit Court, in the county of Wayne, and State of Indiana, wherein the said William A. Bickle was plaintiff and the said Anna L. Bickle was defendant, such proceedings were had that upon the trial thereof the said parties were by the judgment and decree of said court divorced from each other; that the alimony to be received by the said Anna L. Bickle, and certain other conditions of said divorce, were fixed by an agreement between the said parties, which was made a part of said decree, and is fully set out in said reply; that afterwards the said William A. Bickle and Anna A. Bickle were remarried to each other, and that the said Anna L. Bickle concealed from the said William A. Bickle the fact of the existence of the said will; that the said William A. had no father nor mother, but that he had six sisters living, one of whom was blind, an invalid, and partially dependent upon him for her support; that it was the desire of the said William A. that each of his sisters

should have out of his estate the sum of $2,000; that some time in June, 1894, he made known this desire to the said Anna L. Bickle, and requested that, if he died before she did, she would make a will, and by it give to each of his sisters the sum of $2,000; that the said Anna L. promised him that if he would not make a will, and that if he died before she did, she would comply with the said request; that, relying upon the said promise, the said William A. Bickle died without making any other provision for his said sisters. On February 11, 1898, the said William A. Bickle died intestate, leaving the said Anna L. his widow and sole heir at law. It is also shown by the said reply that he left an estate valued at about $100,000.

To the second paragraph of the appellant's reply a demurrer was sustained, and judgment was rendered upon this ruling. This decision is assigned for error.

Counsel for appellant insists that the will made by Mrs. Anna L. Bickle during her marriage to William A. Bickle, and before her divorce from him, was revoked by her subsequent marriage to him. In support of this proposition it is argued that upon her divorce Mrs. Bickle became an unmarried woman, and that under §2732 Burns 1901 her will previously made must be deemed revoked by such marriage.

In this State, by virtue of the statute, all persons except infants and persons of unsound mind are made competent to devise by last will and testament any interest descendible to their heirs which they may have in any lands, tenements, hereditaments, or personal property. §2726 Burns 1901, 2 R. S. 1852, §1, p. 308. By §2727 Burns 1901, §1, Acts 1859, p. 245, it was declared that the section just referred to was intended to empower, and did empower, married women as well as other persons, except infants and persons of unsound mind, to devise and bequeath their property, real and personal, by will. At the time of the execution of the will of Mrs. Bickle she was a married

woman, and by the express terms of the statutes she was competent to devise her property in that way. The provision of the statute relied upon by counsel for appellant is as follows: "(5) After the making of a will by an unmarried woman, if she shall marry, such will shall be deemed revoked by such marriage." The class of persons whose wills are deemed to be revoked by subsequent marriage under this section are women who have made wills while unmarried. This provision, being in derogation of the general power to make wills conferred by the statute, and in the nature of an exception thereto, is to be strictly construed. It is true that at common law the marriage of a woman operated to revoke a will previously made by her, and among the reasons for that rule given in the decisions upon the subject it was stated that as a married woman was incapable under the common law of making a will, she was also incapable of revoking one. So that a will made by her before marriage would become irrevocable by her during a subsequent marriage, and, to prevent this result, the law treated her marriage as an act of revocation. The legislature of this State long ago removed the common law disability of married women to make and to revoke wills, and upon the removal of such disability the reason for the common law rule which treated the will revoked by marriage ceased to exist.

It will be observed that the language of the statute is that after the making of a will by an unmarried woman, if she shall marry, it shall be deemed revoked by such marriage. There is no reason why the courts, in giving a construction to this section, should change its evident meaning, or interpolate words not found within it. It is not the marriage of every woman which operates to revoke a will previously made by her. It is where the will has been made by an unmarried woman that such revocation occurs. It is entirely clear that if a will is made by a married woman who is afterwards divorced, or becomes a widow and mar-

ries again, she is not such a person as is described in §2732, *supra.*

The methods by which wills may be revoked are distinctly stated in the statute of wills of this State, and it is declared that no will in writing, nor any part thereof, except as in the statute provided, shall be revoked, unless the testator, or some other person in his presence, and by his direction, with intent to revoke, shall destroy or mutilate the same; or such testator shall execute other writing for that purpose, signed, subscribed, and attested as required in the said act. §2729 Burns 1901. The second or subsequent marriage of a woman who, while married, had previously made a will, is nowhere made to operate as a revocation of such will. If the legislature had intended the marriage of a woman who, while married, had made a will, to operate to revoke it, it would have said so. A provision of this kind is found in the wills act of England, 1 Vict., chap. 26, §18, which is in these words: "Every will made by a man or woman shall be revoked by his or her marriage."

It is further to be observed that §2732 Burns 1901 was taken from the New York statute of wills, and that the New York statute has been held by the courts of that state not to apply to a will made by a woman who, at the time, was married, although she might afterwards have been divorced, or have become a widow, and married a second time. As this clause is taken from the statute of another state, it will be deemed to have the meaning given it by the courts of that state. *City of Laporte* v. *Gamewell, etc., Co.,* 146 Ind. 466, 35 L. R. A. 686, 58 Am. St. 359.

*In re McLarney,* 153 N. Y. 416, 47 N. E. 817, 60 Am. St. 664 and note, it was said by O'Brien, J.: "The statute provides that 'a will executed by an unmarried woman shall be deemed revoked by her subsequent marriage.' §44. The deceased was not an unmarried woman when she made the will. She was a married woman who

subsequently became a widow and remarried. The case is not, therefore, within the rule or the reason of the rule that the will of an unmarried female is revoked by her subsequent marriage." See, also, *In re Burton's Will,* 25 N. Y. Supp. 824, and *In re Comassi,* 107 Cal. 1, 40 Pac. 15, 28 L. R. A. 414.

The whole subject of the right to make a will, the mode of its execution and attestation, and the manner in which it may be revoked, are matters of statutory regulation. The legislature has the power to designate the class of persons who may make a will, and to declare what changes in the personal status of such persons after its execution shall operate as a revocation of the will. In this State married women have been declared competent to make wills, and only in the case of a will executed by a woman who was unmarried at the time of making it, is it provided that a subsequent marriage shall operate to revoke it. As Mrs. Anna L. Bickle was not an unmarried woman when she made the will of April 4, 1865, by which she devised all her estate to the appellee Irene W. Trask, her subsequent marriage to William A. Bickle can not be deemed to have revoked the will so made.

The supposed agreement between Bickle and his wife that, in consideration of his intestacy, she would, by her own will, provide for his sisters, could not operate to revoke the will of Mrs. Bickle. The most that could be claimed for such an agreement, if valid and enforceable, would be that it created a charge upon the property inherited by the wife from the husband in favor of the kindred for whom she had failed to make provision. It does not appear from the reply whether Bickle's sisters are living or dead, or that the appellant had any interest in the provision alleged to have been intended for them.

There is nothing in the point that the court erred in rendering a judgment in favor of the appellee Trask upon the pleadings when the demurrer to the reply of the appel-

lant was sustained.    They stood thus:    To the complaint a
general denial was filed by the appellee Trask, and a spe-
cial answer to the whole complaint stating facts which
barred any recovery upon it.    To this answer a reply was
filed by way of confession and avoidance, which was in-
sufficient, and to which a demurrer was sustained.    The
appellant thereupon expressly refused to plead further,
and elected to stand upon his demurrer.    The answer, there-
fore, remained without traverse, and stood confessed by the
plaintiff and appellant.    In these circumstances it was
the duty of the court to render a judgment for the defend-
ant and appellee Trask.    §386 Burns 1901; *Adams* v.
*Tuley,* 1 Ind. App. 490; *Clearwater* v. *Meredith,* 1 Wall.
25, 43, 17 L. Ed. 604.

Finding no error in the record, the judgment is affirmed.