## ROEMLER, RECEIVER, v. DICE.

[No. 7,496. Filed February 1, 1912.]

1. APPEAL.—*Assignments of Errors.—Joint.*—An assignment that "the court erred in overruling appellant's demurrer to the second, third and fourth paragraphs of appellee's answer," is joint, and is unavailing if any of the paragraphs is good. p. 326.

2. CORPORATIONS. — *Stock Subscriptions.—Answer.—Payment.*—In an action to recover on a stock subscription, an answer that such subscription was paid, is good. p. 326.

From Fountain Circuit Court; *I. E. Schoonover*, Judge.

Action by Charles O. Roemler, as receiver of the Veedersburg Clay Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*John W. Holtzman, Lewis A. Coleman, Harvey T. Huff* and *W. B. Paul*, for appellant.

*Lucas Nebeker*, for appellee.

FELT, C. J.—This action was brought by Seth M. Richcreek, as receiver for the Veedersburg Clay Company, against appellee, to recover the sum of $2,000, alleged to be an unpaid subscription on twenty shares of the capital stock of said corporation, for which appellee had subscribed when the company was organized. Appellant Roemler succeeded Richcreek as receiver while the suit was pending before the lower court.

The complaint was in one paragraph, to which appellee filed a general denial and three paragraphs of affirmative answers. Appellant's separate demurrer to the second, third and fourth paragraphs of answer for insufficiency of facts, was overruled and a reply in denial filed. The reply

was afterwards withdrawn by appellant, with leave of court. Appellant refused to plead further and the court rendered judgment in favor of appellee.

Appellant contends that the court erred in overruling the demurrer to the second, third and fourth paragraphs of answer and relies upon such error for a reversal of the judgment.

Appellant's assignment of error is as follows: The court erred in overruling appellant's demurrer to the second, third and fourth paragraphs of appellee's answer in said cause.'' This is a joint assignment and is unavailing if any one of the paragraphs is good. *Cambridge Lodge, etc.,* v. *Routh* (1904), 163 Ind. 1; *Boots* v. *Ristine* (1896), 146 Ind. 75; *Stoy* v. *Bledsoe* (1903), 31 Ind. App. 643.

The second paragraph avers that the claim in question was fully paid long before the bringing of this action. It is clearly good. Appellant withdrew his reply and elected to stand on his demurrer to the several paragraphs of answer, and thereby admitted the truth of each of such paragraphs for the purposes of the action. As the second states a good defense to appellant's cause of action, the assignment is insufficient to show any cause for reversing the judgment of the lower court, even though other paragraphs of the answer are insufficient. §392 Burns 1908, §383 R. S. 1881; *Hibberd* v. *Trask* (1903), 160 Ind. 498; *Keys* v. *Wright* (1901), 156 Ind. 521; *Adams* v. *Tuley* (1891), 1 Ind. App. 490; *Kern* v. *Saul* (1895), 14 Ind. App. 72.

The statute and numerous decisions compel an affirmance of the judgment.

Judgment affirmed.