MILLNER *v.* GARY PAPER MILLS, INC.

[No. 18,349. Filed February 3, 1953. Rehearing denied March 23, 1953. Transfer denied May 26, 1953.]

*P. L. O'Brien, D. O. O'Brien,* and *O'Brien & O'Brien,* all of Hammond, for appellant.

*Draper & Eichorn,* of Gary, for appellee.

ACHOR, J.—This action was filed upon the single theory that the plaintiff-appellant, Clifford Millner, while working for an independent contractor, was injured as the result of the negligence of appellee, for which injury he is seeking to recover damages.

Appellee filed a first paragraph of answer thereto, putting appellant's complaint at issue. Subsequently, appellee filed a second, third and fourth paragraphs of answer. Paragraphs two and three alleged in substance that the plaintiff (appellant), Clifford Millner, was not the real party in interest for the reason that said plaintiff (appellant) had elected to accept, and had been paid, compensation for his injuries by his employer's insurance carrier. Paragraph four of appellee's answer is as follows:

"(1) That before the commencement of this action, the alleged claim sued on in plaintiff's complaint had been fully paid and satisfied."

The appellant filed a joint demurrer to appellee's second, third and fourth paragraphs of answer, which was as follows:

"The plaintiff demurs to defendant's second, third and fourth paragraphs of Answer herein on the ground that said answer does not state facts sufficient to constitute a defense to said complaint."

The trial court overruled appellant's demurrer and appellant refused to plead further. Judgment thereafter was entered by default against the appellant.

Appellant has assigned as error the overruling of his demurrer to the second, third and fourth paragraphs of appellee's answer.

It seems obvious that the fourth paragraph of appellee's answer to appellant's complaint alleged facts sufficient to constitute a good defense to appellant's cause of action; therefore, there was no error in the overruling of appellant's demurrer to said paragraph of answer.

The issues remaining for our consideration are, therefore, (1) did the court commit error in overruling appellant's demurrer to appellee's second and third paragraphs of answer, and (2) if such error was committed, was the error reversible under the facts presented to us by the pleadings?

It was formerly the rule in Indiana that the court committed no error in overruling a joint demurrer to two or more paragraphs of answer if one of the paragraphs stated facts which constituted a defense to the action. *Boys* v. *Simmons* (1880), 72 Ind. 593, 600; *Roemler, Rec'r.* v. *Dice* (1912), 49 Ind. App. 325, 326, 97 N. E. 364.

However, appellant contends that under Rule 1-6 of the Rules of the Supreme Court of Indiana, which provides that all demurrers addressed to two or more paragraphs of pleading are now construed as joint, separate and several demurrers, it became the duty of the court to rule upon the demurrer as to each paragraph of answer severally; and that under said Rule 1-6, and under appellant's assignment of error, it is the duty of this court to determine the sufficiency of each of appellant's said second and third paragraphs of answer.

Although said rule directs that joint demurrers hereafter be considered separate and several, and it may follow that failure of the court to so rule upon such demurrer is error, however, it does not necessarily follow that under all circumstances failure of the court to so rule presents a circumstance which requires reversal of the cause on appeal.

Sustaining a demurrer to a good answer and overruling a demurrer to a bad answer are materially different things. The overruling of a demurrer to a bad answer adjudges that a defense is good, although in fact it is not, and hence is generally held reversible error. ". . . For, to adjudge the averments of an answer which, in law, constitutes no defense whatever as sufficient to meet the allegations of a complaint, amounts to a ruling that 'if the defense pleaded is proved, the defendant is entitled to a verdict.'" This rule is held to prevail unless it affirmatively appears from the record that the error was harmless. *Continental Nat. Bank* v. *Discount, etc., State Bank* (1927), 199 Ind. 290, 292, 157 N. E. 433.

The consequences are essentially different where a paragraph of answer is involved which is a good and complete defense to the cause of action, and a demurrer thereto is overruled, and the plaintiff refuses to plead further and suffers judgment by default. §2-1055 Burns' 1945 Repl. provides that ". . . every material allegation of new matter in the answer not controverted by the reply, shall, for the purpose of the action, be taken as true; . . ."

Pursuant to the above statute, this court has held that when a plaintiff stands firm on his demurrer to an answer to his complaint and refuses to plead further after having been ruled to reply to said answer within the time given by the court, he

thereby admits the truth of the allegations of the answer, and it becomes the duty of the court to render final judgment against the plaintiff by default. We have also held that when *one paragraph* of answer is a *complete defense* to the cause of action and the answer on demurrer is held to be sufficient, it becomes immaterial whether the other paragraphs of answer, which were in fact insufficient, were held by the court to be sufficient. *Adams, Admr.* v. *Tuley et al.* (1891), 1 Ind. App. 490, 27 N. E. 991; *Kern* v. *Saul* (1895), 14 Ind. App. 72, 42 N. E. 496.

In this case the allegation of the fourth paragraph of appellee's answer asserted a complete defense to plaintiff's action, regardless of the matters pleaded in the second and third paragraphs of appellee's answer. By refusing to reply thereto after the demurrer had been overruled, appellant admitted that his action for damages as alleged in his complaint "had been fully paid and satisfied" prior to the commencement of his action. This left no actual controversy for the court to try. All other alleged issues formed by the complaint and the second and third paragraphs of appellee's answer thereby became moot, and error of the court, if any, in the overruling of the demurrer thereto was harmless.

Had the appellant denied or otherwise countered the allegations of said fourth paragraph of appellee's answer, tried the case on the issues thus joined, and later on appeal presented to us the matter of the overruling of his demurrer to the second and third paragraphs of appellee's answer, the question for our consideration would necessarily be different. In that event, this court would have been required to determine the sufficiency of said second and third paragraphs of answer. How-

ever, as this case stands before us, those issues are not presented. *Kern* v. *Saul, supra.*

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 110 N. E. 2d 304.