Nov. Term,
1852.

First
v.
Bonewitz.
but that the note had been paid to the payee or her husband. We think, however, that the general allegation of the non-payment of the note, or any part thereof, is sufficient.

*Per Curiam.*—The judgment is affirmed with costs.

*J. M. Hanna,* for the plaintiff.

*J. Cowgill,* for the defendants.

---

## First *v.* Bonewitz.

Special count in assumpsit on the following instrument: Received of *J. B.* the sum of 100 dollars paid in land. *Held,* that the receipt did not of itself show a contract implying a consideration. *Held,* also, that it did not of itself show a sufficient consideration for the alleged promise to pay *J. B.* 100 dollars on request. *Held,* also, that the instrument was so ambiguous on its face that no definite meaning could be given to it.

A bad plea is sufficient for a bad count.

Where a plea is a good defense to all the legal causes of action described in the declaration, a demurrer to it should be overruled.

*Friday,*
*December 24.*

ERROR to the *Huntington* Circuit Court.

BLACKFORD, J.—*Bonewitz* sued *First* in assumpsit. The declaration contains four counts.

The first count is to the following effect: For that the defendant, on, &c., executed to the plaintiff a receipt as follows: "*May* 8, 1837. Received of *Joseph Bonewitz* the sum of 100 dollars paid in land." Meaning that said sum of 100 dollars was paid by the plaintiff for said defendant. (Signed,) "*Israel First.*" By which receipt the defendant acknowledged to have received from the plaintiff said 100 dollars; and in consideration thereof, afterwards agreed to pay said sum to the plaintiff when he should be thereunto requested. The plaintiff afterwards demanded payment of said sum, which the defendant refused to pay.

The other counts are the common ones for money lent, money paid, and for money had and received.

The defendant pleaded to the whole declaration, non assumpsit and the statute of limitations.

General demurrer to the special plea, and the demurrer sustained.

The cause was tried on the general issue, and a verdict and judgment rendered for the plaintiff.

The special plea being demurred to, we must examine the declaration; and we think the first count is insufficient. The defendant's receipt there mentioned is, as we understand it, as follows: "*May* 8, 1837. Received of *Joseph Bonewitz* the sum of 100 dollars paid in land." That receipt, of itself, shows no contract implying a consideration; nor does it, of itself, show a sufficient consideration for the alleged promise, that is, a benefit to the defendant or a detriment to the plaintiff. The count we are considering says, by way of *innuendo*, that the instrument means that the sum of 100 dollars was paid by the plaintiff on land for the defendant. We are not able, however, from the terms of the instrument, to give it that meaning. Indeed, the instrument is so ambiguous on its face, that we cannot assign to it any definite meaning whatever. The first count, therefore, contains no cause of action.

There is no objection to the other counts; and to those counts the special plea is a good bar. It is of no consequence whether that plea is valid or not in regard to the first count, for a bad plea is sufficient for a bad count.

The special plea being a good defense to all the legal causes of action described in the declaration, the demurrer to it should have been overruled.

The judgment for the plaintiff is consequently erroneous, and must be reversed.

*Per Curiam.*—The judgment is reversed, and the verdict set aside with costs. Cause remanded, with leave to the plaintiff to amend the first count.

*R. Brackenridge, Jr.*, for the plaintiff.

*J. R. Slack*, for the defendant.

MARKIN *v.* JORNIGAN.

In replevin, in a justice's Court, the value of the property as specified in the declaration, and not in the affidavit, governs as to the jurisdiction of the Court.

Each count in a declaration is considered as containing a distinct cause of action.

The declaration in replevin before a justice of the peace contained two counts, and the property specified in each count was alleged to be of the value of 40 dollars. *Held,* that the justice had no jurisdiction of the case.

ERROR to the *Blackford* Circuit Court.

BLACKFORD, J.—This was an action of replevin brought by *Jornigan* against *Markin* in a justice's Court. Judgment by the justice for the plaintiff. The defendant appealed to the Circuit Court, and the plaintiff obtained there a verdict and judgment.

The defendant contends that the justice had no jurisdiction; the causes of action being for too large an amount.

The justice had no jurisdiction, if the value of the property claimed exceeded 50 dollars. R. S. 862, s. 2. *Middleton* v. *Harris,* 6 Blackf. 397.

The plaintiff's affidavit filed before the justice, states the value of the property claimed to be 40 dollars.

The declaration, which was filed before the justice, is substantially as follows: For that the defendant, on, &c., at, &c., wrongfully took, and still wrongfully detains, from the plaintiff a certain young mare of the value of 40 dollars, the property of the plaintiff; to the plaintiff's damage 20 dollars; hence he sues. And for that, on, &c., at, &c., one filly of the value of 40 dollars, the plaintiff's property, came into the defendant's possession, and has been since, and still is, unlawfully detained by him, to the plaintiff's damage 20 dollars; hence he sues.

This declaration contains two counts. The young mare mentioned in the first count, and the filly mentioned in the second count, are alleged to be each of the value of 40 dollars. If, therefore, we consider the counts as containing separate causes of action, as we must do, the va-

*J. S. Buckles* and *J. Brownlee*, for the plaintiff.

*J. Smith*, for the defendant.