Wainwright v. Smith et al.

Filed April 17, 1886.

No. 12,495.

## WAINWRIGHT v. SMITH ET AL.

GUARDIAN AND WARD.—*Setting Aside Final Report.—Improper Payment of Money on Order of Court Obtained by Misrepresentation.*—Where a guardian improperly pays out money on an order of court obtained by misrepresentation of facts, the setting aside of his final settlement report is warranted.

SAME.—*Negligence.—Res Judicata.*—It is not necessary to set aside a guardian's final report in order to maintain an action against him for negligence in the management of his trust, unless the approval of the report involve an adjudication of the matters complained of.

SAME.—*Negligent Management of Real Estate.*—The approval of his final report does not adjudicate the subject of the guardian's negligence in the management of his ward's real estate, unless it is embraced in the report.

SAME.—*Rule as to Presumption Against Guardian.—Instruction.*—Where no transaction or dealing between the guardian and ward is involved in an action by the latter against the former, to set aside a final report and to recover damages for negligence in the management of the trust, it is error to instruct the jury that it is their duty "to presume in favor of the ward and against the guardian as strongly as the facts will warrant." *Jennings* v. *Kee*, 5 Ind. 257, distinguished.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellant.

*W. Booth,* for appellees.

MITCHELL, J.—This record presents a proceeding of an anomalous character. The complaint wears the double aspect of a complaint for damages, and an application to set aside an order approving the final settlement report of a guardian.

The case was tried with a jury, and the trial resulted in a judgment setting aside the order discharging the guardian. It is averred in the complaint that on the 18th day of April, 1882, the appellant was appointed guardian for Elvira, Emma, Francis and Nellie Burroughs; that as such he received from the sale of real estate belonging to his wards the sum of $91.07, and from other sources $36, in addition.

It is alleged that the wards were owners of an undivided interest in three lots in the town of Noblesville, which were of the value of $1,200. The lots had previously been sold for taxes, and a deed had been made to the purchaser. During the guardianship the tax lien was foreclosed by the holder of the tax deed, and the property was sold to satisfy the delinquent taxes, interest, penalties, etc., amounting to $205.88.

It is charged that the appellant negligently refused to redeem the land from the foreclosure sale, notwithstanding the father and other relatives of the wards offered to furnish a sufficient sum of money, with what was in his hands as guardian, to enable him to do so, and that the other tenants in common were ready to furnish their share of the money to redeem the land.

The complaint further charges that the appellant refused to take any steps to redeem, although he could have borrowed the money or raised it by selling part of the property to do so; that he procured an order of the court authorizing him to pay to the purchaser of the property, out of his wards' funds, the sum of $72 as rent; that he represented to the court in his application for the order, that it was necessary to pay out that amount, in order to provide a home for his wards, and that the representation was false; that the balance of the money in his hands as guardian was used in pay-

ing other expenses; that the title to the wards' real estate was lost by the negligence and mismanagement of the appellant, to their damage in the sum of $1,000.

The relief prayed is, that the approval of the final settlement report be set aside.

It is assigned for error that the complaint does not state facts sufficient to constitute a cause of action.

While the necessity for setting aside the report does not clearly appear, we have concluded that the complaint stated a sufficient cause of action for that purpose. The averment that money was improperly paid by the appellant, upon an order of the court, obtained by means of misrepresenting the facts, was, if sustained, sufficient to warrant the relief prayed.

It was not necessary that the approval of the report should have been set aside, in order to maintain an action against the guardian for negligence, unless the approval of the report was in some way an adjudication of the matters of which complaint was made. *Naugle* v. *State, ex rel.*, 101 Ind. 284. It does not appear that it was, except so far as it may have approved the disbursement of money paid in pursuance of the order mentioned. The approval of a final settlement report is an adjudication of all matters involved in, or which properly belonged to, the proper accounting for moneys with which the guardian was chargeable. It did not adjudicate the subject of the guardian's negligence in the management of the wards' real estate, unless that subject was embraced in the report. This distinguishes the case from *Carver* v. *Lewis*, 104 Ind. 438.

At the request of the defendant the court gave the jury the following instruction :· "In suits by wards against their guardian, for the negligence of the guardian, it is the duty of the jury to presume in favor of the wards, and against the guardian, as strongly as the facts will warrant."

As applicable to the facts in this case the instruction was erroneous.

Where a guardian deals with his ward, the rule which obtains as to transactions between persons standing in a fiduciary relation is applicable. The guardian who contracts with his ward, like an agent who contracts with his principal, takes the burden, when the transaction is drawn in question, of showing that he dealt fairly, and that no benefit resulted to him from the contract. *Rochester* v. *Levering*, 104 Ind. 562. There was nothing involved in the litigation under consideration which justified the application of the rule.

The case of *Jennings* v. *Kee*, 5 Ind. 257, which announces an abstract principle akin to that contained in the instruction, is altogether different in its facts. That was a case in which a guardian, who had neglected to account with the court, sought to account for moneys of his ward by charging her with board, clothing, etc., while she lived in his family.

In the case before us, no transactions or dealing between the guardian and ward were involved. Whether the report was subject to be set aside or not, should have been determined upon the evidence, without any presumption either against or in favor of the guardian.

Some questions are suggested in reference to rulings of the court in admitting and excluding evidence. They are not presented in such manner as to require us to decide them. As it is not probable they will arise again we do not consider them.

For the error in giving the instruction above set out the judgment is reversed, with costs.

Filed April 17, 1886.