Filed Nov. 15, 1892.

---

### No. 16,029.

### FIRST ET AL. *v.* FIRST ET AL.

DECEDENTS' ESTATES.—*Land Held in Trust for First Wife.—Action by Second Wife.—Purchaser for Value.*—In an action by the second wife of deceased and his only heir by her against the heirs of the deceased by his first wife concerning a certain tract of land which was claimed by the heirs of the first wife to have been held in trust for their mother, and that it descended wholly to them, the following facts appeared in the evidence: In 1837 the father of E. F., decedent's first wife, left the State of Ohio and entered land in Huntington county. Prior to leaving there was some talk between B. and his daughter and son-in-law about entering a certain tract of land for her, adjoining certain land which her husband expected to enter on his own account. B. entered several tracts of land, and I. F., the husband of E. F., entered and paid for eighty acres with his own money. Another eighty acres was entered, B. furnishing $100, the amount necessary to make the entry; and the certificate for this entry was in the name of I. F., but was given to B. Afterwards J. F. gave B. a receipt for the $100. Upon the execution of the certificate for the $100, the certificate of entry was given to I. F., who obtained title, improved and occupied the land until his death. B. sued I. F. and obtained judgment for the $100. Proof was made of statements made by I. F. to the effect that the land was bought for his first wife. I. F. executed mortgages on the land to secure the payment of his own obligations. B. stated in the presence of I. F. and his wife, without her objection, that the $100 was a loan to I. F. There was no evidence of fraud or bad faith on the part of I. F. The court below found against the heirs of the first wife.

*Held,* that, on the evidence, the judgment of the court below can not be disturbed.

*Held,* also, that the finding was correct for the reason that J. F., the second wife of I. F., as such was a purchaser for value, and that if there was a trust she had no notice of it.

From the Huntington Circuit Court.

*C. W. Watkins*, for appellants.

*J. C. Branyan* and *M. L. Spencer*, for appellees.

MILLER, J.—This is a contest between the appellants, who are the children of Israel First, by his first wife, Eliza Bonewits First, and the appellees, Jane First, his second wife and widow, and David E. First, their only child, over the ownership of eighty acres of land.

The appellants claim that the land was held by Israel First in trust for their mother, Eliza First, the same having been purchased for her, and the title taken in the name of her husband without her knowledge or consent.

The case is before us on the evidence, all other questions being waived.

The evidence tends to show that in the year 1837, Joseph Bonewits, the father of Eliza First, who resided in the State of Ohio, left that State for the purpose of entering land in Huntington county. That prior to leaving home there was some talk between him and his daughter and son-in-law, about entering eighty acres of land for her, adjoining eighty acres which her husband expected to enter on his own account. When they came to the land office at Ft. Wayne, Joseph Bonewits entered several tracts of land. Israel First entered and paid for eighty acres with his own money; another eighty was also entered, Joseph Bonewits furnishing $100, the amount of money necessary to make the entry. The certificate for this entry was in the name of Israel First, but was given to Bonewits. After their return to Ohio, First gave Bonewits a receipt for the money, reading as follows:

"May 8, 1847. Received of Joseph Bonewits, the sum of 100 dollars, paid on land. ISRAEL FIRST."

Upon the execution of this receipt the certificate of entry was given to First, who obtained title, improved and occupied the land until his death.

Afterwards Joseph Bonewits sued First for this $100

and obtained a judgment, which was reversed in this court and a new trial granted.   *First* v. *Bonewitz,* 3 Ind. 546.

Proof was made of various statements and declarations by Israel First, to the effect that the land was bought for his first wife and would belong to her children. This was met by proof of acts of ownership, such as the execution of mortgages on the land to secure the payment of his own obligations.

There was also evidence introduced strongly tending to show that at the time First received the certificate of entry from Bonewits, and executed the receipt, it was claimed by Bonewits, in the presence of Eliza First, and without objection on her part, that the money paid for the entry was a loan to her husband, and that the receipt was given as the evidence of such loan in her presence.

The witness who testified to the family arrangement in which it was agreed that the land should be entered for Eliza First, admitted that he had testified in the former suit that the receipt was given as evidence of a loan.   There was no evidence given of ignorance on the part of Eliza First of the fact that the land had been entered in the name of her husband, and no evidence of fraud or bad faith on his part.   Much of the evidence was of a vague and uncertain nature, consisting in the recollections of the witnesses of a transaction occurring when they were of the ages of fourteen and fifteen years, and more than fifty years before the trial.

As the case comes to us we can not say that the trial court was not justified in finding for the appellees.

The finding in favor of the appellee, Jane First, was correct for an additional reason: She was his wife, and as such a purchaser for value, and there is an entire failure to show that she had notice of the trust, if there was one.   *Richardson* v. *Schultz,* 98 Ind. 429.

Judgment affirmed.

Filed Nov. 15, 1892.