## HUFFMAN *v.* HUFFMAN.

[No. 5,218. Filed April 18, 1905. Rehearing denied June 8, 1905.]

1. TRUSTS.—*Constructive.*—*Husband and Wife.*—Where a husband by threats and importunities causes his wife to transfer to him her separate property, which he converts to his own use, a constructive, and not a resulting, trust is created. p. 644.

2. SAME.—*Constructive.*—*Fraud.*—Where a person by virtue of his relationship to another, obtains property which in good conscience belongs to such other person, a constructive trust will be decreed in equity, though there was no intention to create a trust when such property was received. p. 645.

3. SAME. — *Relationship.* — *Fiduciary.* — Where a person stands in a fiduciary relationship to another, and such other takes advantage thereof and secures property equitably belonging to such person, a constructive trust will be declared in equity, and it matters not whether the relation be legal, moral, social, domestic or personal. p. 645.

4. SAME.— *Constructive.*— *Relationship.*— *Burden of Proof.*— Where the transaction questioned and the confidential relation are shown, the burden of proof is upon the person occupying the superior position to show the integrity of his claims. p. 646.

5. SAME.— *Constructive.*— *Relationship.*— *Husband and Wife.*— The confidential relationship of husband and wife is sufficient on which to establish a constructive trust by a court of equity. p. 646.

6. PLEADING.— *Complaint.*— *Trusts.*— *Husband and Wife.*—A complaint, showing the relationship of husband and wife, and the influential position of the husband, and that by virtue of such position he secured the wife's property without consideration, and converted same to his own use, is sufficient. p. 646.

7. TRUSTS.— *Constructive.*— *Amount of Decree.*— Where the husband has converted the wife's real estate to his own use, a decree in her favor for the rents collected therefrom and for the selling price thereof, less the expense of improvements thereon, is not too large. p. 647.

8. PLEADING.—*Answer.*—*Trusts.*—*Constructive.*—In an action by the wife against the husband for the establishment of a constructive trust, an answer that the husband has been compelled to pay a surety debt for their son is no defense. p. 648.

From Greene Circuit Court; *Orion B. Harris,* Judge.

Action by Jane Huffman against Josiah R. Huffman. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Slinkard & Slinkard,* for appellant.
*Cyrus E. Davis,* for appellee.

ROBY, J.—The substance of the complaint is that the parties hereto, who have been since 1858 husband and wife, were living apart, but not divorced, when this action was begun; that appellee's father after their marriage gave and conveyed to her eighty acres of land in Clay county, and afterward gave her an additional twenty acres; that she was induced to and did convey said eighty acres to the appellant, and that such conveyance was made because of his earnest request, solicitation and importunity, coupled with threats that if she did not deed the land to him he would leave her, and take their then minor children with him, together with his refusal to pay the taxes upon said land unless it was so conveyed; that, before her father conveyed the twenty acres, appellant, by threats of desertion and importunities, procured her consent that a conveyance be made to a third party, who purchased the same and paid the price thereof —$900—to him in 1889. It is further shown that the eighty-acre tract was sold in 1890, and that the income from it and the proceeds of both tracts were converted by him to his own use. The prayer is that he be decreed to hold said sums in trust, and for judgment for the amount thereof, with interest thereon. To this complaint a demurrer for want of facts was overruled; an answer in general denial, together with various paragraphs of affirmative answer, was filed; trial had and special finding of facts made; conclusions of law stated in appellee's favor, and judgment for $4,550 rendered in accordance therewith.

1. Appellant's learned counsel treat the action as one to declare and enforce a resulting trust, and rely largely upon §3396 Burns 1901, §2974 R. S. 1881. The facts stated tend to establish the existence of a constructive, and not a resulting, trust. The distinction between constructive and resulting trusts is clear and well defined, although the terms have sometimes been improperly used.

2. For the purpose of working out justice, constructive trusts are raised by equity, when in fact there was no intention by the party charged as trustee to create such relation, and usually, indeed, when his intention was otherwise. The gist of every constructive trust is fraud, which may be founded upon misrepresentation and concealment, or arise from the use by one party of some influential or confidential relation which he sustained toward the owner of a legal title, thereby obtaining such title himself upon more advantageous terms than he could otherwise have done. And therefore one who obtains the legal title to property by arts or acts, or through circumvention or imposition, or by virtue of a confidential relation and influence arising from it, under such circumstances that he ought not, in good conscience, to hold and enjoy the beneficial interest therein, is converted into a trustee, and ordered so to execute the trust as to protect or indemnify the party defrauded, and at the same time promote fair dealing and common honesty in the interest of society and the state. 1 Perry, Trusts (5th ed.), §166; 1 Pomeroy, Eq. Jurisp. (3d ed.), §155; 3 Pomeroy, Eq. Jurisp. (3d ed.), §1044; *Hughes* v. *Willson* (1891), 128 Ind. 491; *Jackson* v. *Landers* (1893), 134 Ind. 529; *Cox* v. *Arnsmann* (1881), 76 Ind. 210; *Wright* v. *Moody* (1888), 116 Ind. 175, 179.

3. Whenever two persons stand in such relationship that, during its continuance, confidence is necessarily reposed by one, and a corresponding influence possessed by the other, and this confidence is abused and influence exerted to obtain an advantage at the expense of the confiding or dependent party, the person availing himself of his position for such purposes will not be permitted to retain an advantage thereby secured. The principle extends to every case in which a fiduciary relation exists, as a fact; confidence being reposed on the one side and accepted on the other. The fiduciary relation, with its corresponding duties, does not need to be a legal one; it may be moral, social, domestic

or personal. *M'Cormick* v. *Malin* (1841), 5 Blackf. 509; 2 Pomeroy, Eq. Jurisp. (3d ed.), §956; 1 Perry, Trusts (5th ed.), §194.

4. The confidential relation and the transaction having been shown, the burden of proof is upon the person occupying the superior position to establish the integrity of his claim. *Rochester* v. *Levering* (1886), 104 Ind. 562, 568; *Wainwright* v. *Smith* (1886), 106 Ind. 239, 242; *French* v. *Cunningham* (1898), 149 Ind. 632; 1 Perry, Trusts (5th ed.), §195.

5. The relation existing between the parties hereto at the time appellant acquired title to the real estate belonging to appellee was one which requires the application of the doctrines above stated. As was said by the New Jersey court of chancery: "The confidence of the marriage relation is so complete, and the trust of the wife in the honor, good faith and love of her husband is generally so perfect, that in all business affairs she depends upon him, and suffers herself to be controlled by his judgment. Unless, therefore, the court, in the language of Lord Eldon, watches transactions between parties thus situated, where fraud may be committed with such facility and its discovery may be so easily baffled, with a jealousy almost invincible, it will oftener lend its assistance to fraud than punish the fraud doer." *Farmer* v. *Farmer* (1884), 39 N. J. Eq. 211, 216; *Shea's Appeal* (1888), 121 Pa. St. 302, 316, 15 Atl. 629, 1 L. R. A. 422; *Darlington's Appeal* (1878), 86 Pa. St. 512, 27 Am. Rep. 726; 2 Pomeroy, Eq. Jurisp. (3d ed.), §963; 3 Pomeroy, Eq. Jurisp. (3d ed.), §1049; 1 Perry, Trusts (5th ed.), §204.

6. The averments not only show the existence of a relation which is in itself one of confidence, but they show the influential position of the appellant as a fact, and the complaint was therefore sufficient. *Warner* v. *Warner* (1892), 132 Ind. 213; *Dayton* v. *Fisher* (1870), 34 Ind. 356; *Pierce* v. *Hower* (1895), 142 Ind. 626.

The facts exhibited in the special findings accord with the averments of the complaint. They contain nothing tending to vindicate the action of appellant in taking over the property belonging to his wife. In the statement of facts contained in appellant's brief it is said: "The appellant refused to pay the taxes on this eighty acres while it was in his wife's name, and he gives as a reason that he did not propose to improve and pay the taxes on this land, as he did not believe his wife would permit him to live there after he had got it in cultivation. After he had told his wife that he would not pay the taxes, she voluntarily went to her brother and told him that she was going to change the deed; that she would deed the eighty acres to him, and she wanted him to redeed it to appellant, which was accordingly done." There is not the slightest denial of the fact that the husband procured all the property of the wife without giving any consideration, and by means of the coercive power he possessed over her, and the judgment must therefore be affirmed.

7. A further question remains as to the amount of recovery. The facts found show that the eighty-acre tract first referred to was conveyed to appellee in 1863, and to appellant in 1866. It was timber land, and he realized a net profit of $900 from the timber, $500 of which was expended in improvements. The court charged him with the residue—$400. He sold the land in 1888 for $2,400. He lived upon it, using its proceeds for the support of his family until 1882. Nothing was charged to him for such use. It was rented from 1882 until its sale for a cash rental of $1,200, which he invested in other real estate, and used for his own purposes. He was charged with the purchase and rent money so received. Of the $700 received by him for the twenty acres, $150 was paid by the transfer of a team of horses. The court charged appellant with $550 of that account, deducting the value of the horses from the amount received. No interest was allowed on any of such

charges. The land sold belonged to appellee. The money which appellant derived therefrom was, in equity, her money, and not his. She does not object to the amount of the judgment *(Rochester* v. *Levering, supra)*, and he very clearly has no reason so to do.

Various questions are suggested with relation to the affirmative paragraphs of answer, none of which are of controlling importance.

8.    If appellant paid a note upon which he was liable as surety for his son, or made other expenditure inuring to the advantage of some one of the seven children borne to him by the appellee, it was clearly a matter within his own control, and affords him no defense in this case. He has not, apparently, been lacking in thrift; and the law will not permit him now to leave the wife, whose means formed the basis of his prosperity, without support in her age.

Judgment affirmed.