## Teegarden et al. *v.* Ristine.

[No. 8,890. Filed November 6, 1914.]

1. Attorney and Client.—*Transactions Between.—Constructive Fraud.—Fiduciary Relations.*—Where defendant, who was attorney for plaintiff, a widow inexperienced in business, in the settlement of her husband's estate and in a partition of his real estate, and was her agent to sell her interest after partition, which was then worth $1,690, falsely represented that unless some disposition was made, a mortgage thereon would be foreclosed, and that judgments would be taken against her, and advised her to sell it, and offered to purchase it for $1,100, representing that it was worth no more, in reliance upon which plaintiff executed a deed to his wife, there was a breach of duty which, even though without fraudulent intent, amounted to a

constructive fraud, and gave to plaintiff a right of action to set aside the conveyance. pp. 162, 163, 165.

2. ATTORNEY AND CLIENT.—*Transactions Between.—Constructive Fraud.—Parties Liable.*—In an action against an attorney and his wife to set aside a conveyance to his wife procured under circumstances amounting to constructive fraud on the part of such attorney, the finding showing such fraud on his part and that his wife had no knowledge of the transaction and paid no consideration for the real estate, was sufficient to sustain the action against her, since the fact that she was not knowingly a party to the transaction could not serve to cut off plaintiff's right to recover. p. 163.

3. CONTRACTS.—*Action.—Burden of Proof.*—Where a confidential relation is shown to exist and it is claimed that the party occupying the superior position has gained a substantial advantage by his dealing with the other, the one of the superior position has the burden of establishing that he acted in perfect good faith, gave the other full and accurate information, took no advantage of his knowledge or influence over him, and that the contract was fair, equitable, voluntary and well understood. p. 164.

4. TRIAL.—*Conclusions of Law.—Exceptions.—Effect.*—Exceptions to conclusions of law amount to an admission that the facts are fully and correctly found within the issues. p. 165.

From Fountain Circuit Court; *I. E. Schoonover,* Judge.

Action by Edna M. Ristine against Alice Teegarden and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*V. E. Livengood,* for appellants.
*Fred S. Purnell,* for appellee.

FELT, C. J.—This is a suit to set aside a conveyance of real estate. The complaint is in one paragraph and charges in substance that on December 27, 1911, appellee was the owner of 26 acres of real estate, describing it; that appellee was a widow, ignorant and unlearned in business affairs and especially so in matters of a legal nature; that Noah M. Teegarden, one of the appellants herein named was a practicing attorney at law and a real estate agent and appellant, Alice Teegarden, was his wife; that after the death of appellee's husband she had employed Noah M. Teegarden

to act as her attorney in the settlement of her husband's estate, and in other matters; that she had implicit confidence in his integrity and relied upon him as her attorney and sole legal adviser; that said Noah M. was for a long time prior to June 27, 1911, engaged in the business of selling and trading real estate on commission; that prior to said date appellee placed her said land in his hands, as such agent, for sale and he advertised it and undertook to sell it; that while he was acting as such agent he induced the appellee to execute a deed for said real estate to the appellant, Alice M. Teegarden, his wife; that said appellant, Noah M., represented to appellee that a certain mortgage on her property was about to be foreclosed, and that certain of her creditors were about to file suits and take judgments against her; that unless she made some immediate disposition of her property, or immediately raised sufficient funds with which to pay her indebtedness, all of her interest in and to said property would be lost; that she had no other property with which to pay her debts; that by reason of the relation of attorney and client which existed between her and said Noah M., she believed his statements to be true and that it was necessary to immediately dispose of her property; that she then asked said Noah M. what she should do, and he advised her to sell said real estate, which she agreed to do; that said Noah M. then informed her, that he would purchase it and would assume the mortgage against the land in the sum of $600 and pay her the sum of $500 in cash; that he represented to her that her property was not worth more than $1,100 and that she would be making a good sale to sell it at that price; that she relied on his statements and advice and believing that said property was not actually worth more than $1,100, and trusting in him as her attorney, informed him that if he thought best, she would close the transaction suggested by him; that said Noah M. requested appellee to remain in the office until he could get the $500, and he soon ob-

tained the money and after deducting the amount of a certain note therefrom paid the remainder to appellee; that he then prepared a warranty deed, which he presented to her to sign, and she then discovered that appellant, Alice Teegarden, was named therein as grantee instead of appellant, Noah M.; that the consideration therefor was paid and delivered by said Noah M.; that on the evening of said day she learned that the statements and representations of said Noah M. were false and that she was not in fact in danger of losing her property; that on the next morning she called at his office and notified him that she would not be bound by such deed and tendered back the purchase price and demanded a return of her deed and was informed by appellant, Noah M. that he had caused the same to be recorded; that she caused a deed to be prepared reconveying said land to her and requested appellants to execute the same and they refused so to do; that she kept her tender of money good by paying the amount to the clerk of the court for the use of appellants; that she was induced to execute said deed by the false and fraudulent statements of said appellant; that the same were false and fraudulent and were made by said Noah M. Teegarden for the purpose of inducing appellee to dispose of her land at a sacrifice and for less than its true value; that the land so conveyed by her was reasonably worth $1,700.

A separate demurrer to the complaint by each of said appellants was overruled and an answer filed in general denial. One Harriett F. Hayes filed an intervening petition alleging that she was interested in the suit by reason of a mortgage held by her on the real estate, and asked that her interest be protected. The cause was submitted to the court for trial without a jury and on request the court made a special finding of facts. The conclusions of law were in favor of appellee and said Harriett F. Hayes. Appellants excepted to the conclusions of law and filed a motion

for a new trial which was overruled. Judgment was duly rendered on the conclusions of law in favor of appellee.

Appellants contend that the complaint is insufficient on the ground of fraud, but have failed to set out the demurrers, or the substance thereof in their briefs. However, the same questions which are sought to be presented on the demurrers, arise on the exceptions to the conclusions of law. The only questions properly presented and not waived relate to the correctness of the conclusions of law and more particularly to the conclusions that said deed is void and should be set aside; that plaintiff's title be quieted and that she recover costs. The court found the facts to be substantially as alleged in the complaint, and for that reason it will not be necessary to set them out in detail.

The finding shows that appellant Noah M. Teegarden was an attorney and real estate agent; that he was the attorney of appellee in the settlement of her husband's estate in which she acted as administratrix, and he also represented her in the partition of the real estate of which her husband died seized; that after the partition, appellee placed her portion of said real estate in the hands of Noah M. Teegarden as her agent, to sell, and he was her agent for that purpose up to and including December 27, 1911, the day on which the deed was made as alleged in the complaint; that appellee was a woman of very limited knowledge of business matters; that said real estate was on said day worth $1,690; that appellant, Alice Teegarden, had no knowledge of the transaction and paid no consideration for said real estate; ''That plaintiff relied upon and believed the statements made to her by said defendant, Noah M. Teegarden, but for which she would not have executed the deed''; ''That the conduct and actions of defendant, Noah M. Teegarden, was and is a fraud upon plaintiff and is a fraud upon plaintiff's rights.''

The objections urged to the conclusions of law by appellants are that the finding is insufficient to show action-

able fraud against either of them; that the finding that appellant, Noah M. Teegarden, perpetrated a fraud upon appellee is an ultimate fact and must be disregarded because the primary facts negative the same; that no fraud is found against Alice Teegarden, nor does it appear that her husband acted as her agent; that it is not found that appellee was ignorant of the truth of the representations by which it is alleged she was deceived. The finding 2. that appellant, Alice Teegarden, had no knowledge of the transaction and paid no consideration whatever for the conveyance to her, is sufficient, if a case is made out against her coappellant, for the transaction is clearly shown to have been between appellee, and Noah M. Teegarden. If he had in fact defrauded appellee, on the facts of this case, he could not cut off her right to a recovery by causing the conveyance to be made to his wife who was not knowingly a party to the transaction and who was named as grantee in the deed under the circumstances alleged and found by the court.

The court's first conclusion of law is that the deed in question "is void and should be set aside, and that the title of plaintiff in and to said land, as against both de-1. fendants, be quieted." On the facts found it is not essential to the correctness of this conclusion of law, that the finding contain every fact essential to the ordinary case of fraud where the parties do not sustain any confidential or fiduciary relation to each other. The finding shows that appellee had employed appellant, Noah M. Teegarden, as her attorney, and as her agent to sell her real estate, and that at least the latter relation continued up to the time of the conveyance in controversy. It also shows that she was inexperienced, and ignorant of the ways of business and trusted and relied upon appellant, Noah M. Teegarden, for advice and guidance; that he obtained a substantial advantage in the deal amounting to about $600; that within a few hours after the transaction she learned

that she had been deceived and had been induced by said appellant to convey her property when there was no immediate necessity for so doing; that she tendered back the consideration received by her, kept the tender good, and demanded a reconveyance to her of the real estate which was refused by appellants. Any breach of a duty arising from a confidential or fiduciary relation whereby the party occupying the superior position, gains an advantage at the expense of any one to whom he owes a duty, even though it be in the absence of any fraudulent intent, amounts to a constructive fraud which gives the party injured by such breach of duty a right of action. Gorham v. Gorham (1913), 54 Ind. App. 408, 103 N. E. 16; Keys v. McDowell (1913), 54 Ind. App. 263, 100 N. E. 385; McCord v. Bright (1909), 44 Ind. App. 275, 287, 87 N. E. 654; Huffman v. Huffman (1905), 35 Ind. App. 643, 645, 73 N. E. 1096. Where the relation of attorney and client, principal and agent,

3. or other confidential relation is shown to exist and it is claimed that the party occupying the superior position has dealt with the one to whom he owes a duty arising out of such relation, and has gained a substantial advantage thereby, the burden is upon the one who holds such superior position of establishing that he acted in perfect good faith, gave the other party full and accurate information possessed by him, took no advantage of his knowledge, or influence over the other party, and that the contract or transaction was fair, equitable, voluntary and well understood. Pomeroy v. Wimer (1906), 167 Ind. 440, 447, 78 N. E. 233, 79 N. E. 446; McCord v. Bright, supra, 288; Rochester v. Levering (1886), 104 Ind. 562, 568, 4 N. E. 203; French v. Cunningham (1898), 149 Ind. 632, 637, 49 N. E. 797; Wainwright v. Smith (1886), 106 Ind. 239, 242, 6 N. E. 333; Huffman v. Huffman, supra, 646; Fountain Coal Co. v. Phelps (1884), 95 Ind. 271, 275; Shirk v. Neible ·(1901), 156 Ind. 66, 71, 59 N. E. 281, 83 Am. St. 150. In Rochester

v. *Levering, supra,* 568, Mitchell, C. J., in speaking of confidential relations said: "While a transaction of the character disclosed is not necessarily voidable at the election of the principal, a court of equity, upon grounds of public policy, will, nevertheless, subject it to the severest scrutiny. Its purpose will be to see that the agent, by reason of the confidence reposed in him by the principal, secures to himself no advantage from the contract. When the transaction is seasonably challenged, a presumption of its invalidity arises, and the agent then assumes the burden of making it affirmatively appear that he dealt fairly, and in the richest of faith imparted to his principal all the information concerning the property, possessed by him. The confidential relation and the transaction having been shown, the *onus* is upon the agent to show that the bargain was fair and equitable, that he gave all the advice within his knowledge pertaining to the subject of the sale and the value of the property, and that there was no suppression or concealment which might have influenced the conduct of the principal."

In this case, appellant, Noah M. Teegarden, not only failed to obtain a finding in his favor as to the character of the transaction, but the finding is clearly to the effect that he took advantage of his superior position, did not deal fairly and openly with his principal and gained a substantial advantage by the transaction. Under the rules of law above announced, it is clear that the primary facts found by the court when fairly construed support the ultimate or inferential fact stated in the finding, that the conduct of Noah M. Teegarden in the transaction was a fraud upon appellee. The wording of the finding might be improved but it contains facts sufficient to sustain the conclusions of law. By excepting to the conclusions of law appellants concede that the facts are fully and correctly found within the issues. Other questions suggested are not of controlling effect.

We find no reversible error.   Judgment affirmed.

Ibach, P. J., Lairy, Caldwell, Hottel and Shea, JJ., concur.

NOTE.—Reported in 106 N. E. 641. As to contracts between attorney and client, see 83 Am. St. 159. For a discussion of the burden of proof as to the good faith of the transaction in the case of an assignment or conveyance by a client to his attorney, see 18 Ann. Cas. 123. See, also, under (1) 4 Cyc. 962; (3) 9 Cyc. 456; (4) 38 Cyc. 1990.