JONES, ADMINISTRATOR, ET AL. *v.* HURST ET AL.

[No. 12,274. Filed November 20, 1925.]

1. FRAUD.—*Evidence held sufficient to show fraud in procuring plaintiff to execute new deed in place of one formerly executed by him.*—Evidence held sufficient to sustain averments of complaint charging fraud in procuring plaintiff to execute a new deed in place of one formerly executed by him, which omitted from exception clause a second mortgage that had not been recorded, and thereafter traded the land to an innocent purchaser, thereby depriving the plaintiff of the right to require the holder of the mortgage to resort to the mortgaged land first. p. 651.

2. FRAUD.—*Defendant charged with fraud not permitted to make defense that injured party was negligent in trusting him.*—One who has intentionally deceived another to his prejudice will not be heard to say, in defense of the charge of fraud, that the injured party was negligent in relying on the representations and that he ought not to have trusted him. p. 651.

3. FRAUD.—*One who designedly induces another, by false repre-sentations, to execute a contract to his injury should be made to respond in damages.*—Where a person designedly causes a false impression or belief to be entertained by another, and the latter is thereby induced to make a contract injurious to his interests, the one who induces the act by his fraudulent rep-resentations should respond with the damages suffered.   p. 651.

4. CONSPIRACY.—*Right of action exists for damages suffered from acts done in pursuance of conspiracy.*—Merely the forma-tion of a conspiracy to defraud another does not give a right of action for damages, but when, in pursuance of that con-spiracy, other acts are done from which damages flow, there is a right of action.   p. 651.

From Monroe Circuit Court; *Herbert A. Rundell,* Judge.

Action by Roy E. Hurst against Robert F. Brammer and others. Pending the action, Brammer died, and Charles Jones, his administrator, was substituted as a party. From a judgment for plaintiff, the administra-tor and another appeal. *Affirmed.* By the court in banc.

*Will R. Vosloh, Curtis C. Hendren, Q. Austin East* and *O. N. Cranor,* for appellants.

*Frank C. Wade* and *Miller & Blair,* for appellee Hurst.

NICHOLS, P. J.—Action by appellee Hurst, hereinafter called "appellee," against Robert F. Brammer, Aaron Combs, Flora B. Combs and Charles E. Fuller to recover damages for alleged fraudulent representations by which appellee was induced to execute a certain deed. Pending the action, Brammer died and appellant Jones, administrator of his estate, was made a party.

Appellee filed a second amended complaint, to which a demurrer was addressed and overruled. Answers of general denial were filed. Upon the issues thus joined, the case was tried by the court, resulting in a finding against the appellants in the sum of $940; and a finding

in favor of appellees Combs and Fuller. Judgment was rendered in favor of appellee, for said amount. Appellants then separately moved for a new trial, which motions were overruled.

Errors relied upon for reversal are that the court erred in overruling appellants' demurrer to the second amended complaint, and in overruling appellants' separate motions for a new trial.

The second amended complaint alleges, in substance, that on October 25, 1918, appellee owned certain described land in Greene county, Indiana, subject to two mortgages, the sum of which did not exceed $2,800, which property was worth $1,600 above said mortgages. On said day, he traded said land to Brammer and made a deed to Flora B. Combs subject to the two mortgages, and the taxes for the year 1918 due and payable in 1919. Said trade was made with Brammer and Aaron Combs, who both knew that there were two mortgages on said land. After the trade, Brammer and Combs learned that said second mortgage had not been recorded and conspired together to cheat, swindle and defraud plaintiff of said mortgage; and on January 30, 1919, pursuant to said conspiracy, informed him that the description of said eighty acres in said deed had been taken from appellee's tax receipts and a mistake in description had been made; and it was necessary to correct the mistake by a new deed. Appellee and wife did not have access to said deed, or copy thereof; did not remember its contents or description; but did remember the description had been taken from tax receipts as represented. Fuller was introduced to appellee and wife as a public officer and assured them that it was all right for them to execute the second deed. He informed appellee and wife that both the mortgages were properly recorded and the second deed was same as first except in description. Said Fuller had the ap-

pearance of a gentleman, and a man of truth and honor, and being a public official, in consequence of which, not having any means of knowing to the contrary, appellee believed and relied upon his and the other defendants' statements and representations as being true. Appellee placed special confidence and trust in said Fuller because of his official capacity, and believed said mortgages were properly recorded and that the deeds were the same except in the description, and that the description in the first deed was incorrect. All of said representations were false and fraudulent and known to be such by defendants, and were made to appellee for the purpose of wrongfully and fraudulently inducing him to execute a second deed for the purpose of defeating and avoiding said second mortgage; appellee did not know said second mortgage was not properly placed of record but believed same was properly recorded as represented by defendants. Appellee was ignorant of the falsity of said representations; believed them to be true, and relying upon them did then and there execute said second deed as requested. Said second deed was not procured to correct the description of said land as represented, but was procured for sole purpose of changing the exception clause as to the mortgage for the fraudulent purpose of enabling defendants to trade said land to an innocent purchaser without notice of said second mortgage and thereby defeat the same. This, they did, and appellee was thereby prevented from resorting to said real estate for the payment of the note secured by said mortgage, and judgment was rendered against him personally therefor.

We have no difficulty whatever in affirming this case. We are, however, at a loss to understand why the trial court did not render judgment against Fuller as well as against appellants. On the face of the record, his conduct was certainly as culpable and fraudulent as that

of appellants, and we are impressed that he must have benefitted, with appellants, by the fraudulent scheme.

There is ample evidence to sustain the averments of the complaint that appellee was induced to execute the second deed by the fraudulent representations of 1-3. appellants and Fuller, and appellants may not be heard to say that appellee was negligent in relying on the same, and that he ought not to have trusted them. *Kemery* v. *Zeigler* (1912), 176 Ind. 660, 96 N. E. 950. The principle that controls here has been stated in many forms by the courts of this state and of other states. In *Ray* v. *Baker* (1905), 165 Ind. 74, 74 N. E. 619, it is thus stated: "It is a well-settled principle that where a person designedly or knowingly causes a false impression or belief to be entertained by another, and the latter is thereby induced to make a contract injurious to his interests, such a contract is so impressed with fraud that a court will not sanction the enforcement thereof." It follows, in reason, that if, in the making of such a contract, in this case, a deed, the maker is thereby damaged, the one who induces the act by his fraudulent representations should respond with the damages suffered.

In *Peter* v. *Wright* (1855), 6 Ind. 183, the court, quoting from Judge Story, says: "Where a party designedly produces a false impression in order to mislead, entrap, or obtain an undue advantage over another—in every such case there is fraud;—an evil act with an evil intent."

Appellants argue that the second deed did not change the effect of the first deed. If so, then why did they conspire to induce, and why did they induce, ap-4. pellee at the hour of midnight to make the second deed? Appellants argue that the formation of a conspiracy itself does not give a right of action for damages. We do not understand that appellee so con-

tends, but when, in pursuance of that conspiracy, other acts are performed from which damages flow, then, as here, there is a right of action.

The complaint states a cause of action, and there is ample evidence to sustain the decision of the court.

Affirmed.