KRATLI *v.* BOOTH ET AL.

[No. 14,635.   Filed June 28, 1934.]

*Oscar B. Smith,* for appellant.

*Bruce B. Loring, Daly & Freund, William J. Reed,* and *Loring & Loring,* for appellees.

WOOD, J.—The appellees, Emma K. Booth and Orris Booth, her husband, instituted this action against their co-appellees and appellant to quiet their title in and to partition certain real estate in Starke and Cass counties. The complaint was in one paragraph. To this complaint the appellant filed a verified answer in general denial. She also filed a cross-complaint, making all of the appellees parties defendant thereto, in which she alleged the ownership of an interest in said real estate as the surviving second childless widow of one John G. Kratli who died the owner thereof, and she asked that the rights of the parties in the real estate be determined, and that partition thereof be ordered. All other defendants to the complaint of appellees Booth and Booth filed answers in general denial. All the appellees filed an answer in general denial to the cross-complaint of appellant, also a second paragraph of answer in estoppel, to which appellant filed a verified answer in general denial.

The cause was tried to the court. The facts were found specially, and conclusions of law stated thereon in favor of the appellees. Judgment was entered accordingly. The appellant filed a motion for a new trial which was overruled. She appeals, assigning as error for reversal, each of the court's conclusions of law, and the overruling of her motion for a new trial.

From the special finding of facts it appears that for many years John G. Kratli and Mary E. Kratli were husband and wife. Mary E. Kratlti died intestate

October 2, 1921, a resident of Starke County, Indiana. She left her husband and certain of the appellees who were their children and grandchildren surviving her. December 1, 1922, John G. Kratli married the appellant; they lived together as husband and wife until February 21, 1929, when he died testate, a resident of Starke County, Indiana. November 12, 1923, John G. Kratli was the owner of real estate in controversy. On that day he, for the nominal consideration of one dollar, signed and acknowledged a warranty deed, conveying said real estate to the Starke County Trust and Savings Bank, a corporation, as trustee, with full power to sell and convey, without resolution of the board of directors. This deed was not signed and acknowledged by the appellant until July 8, 1926. It was placed on record in Starke County September 8, 1926. Before appellant signed and acknowledged the deed her husband told her that if she would do so, the real estate would be sold and that he would reinvest the money received from such sale in property in Gulfport, Mississippi. At the time this deed was made, John G. Kratli had an oral agreement and understanding with the bank, that the deed was to be considered and treated by it as a deed of trust of said real estate for the benefit of the children and grandchildren of John G. Kratli to be conveyed to them upon their request. Appellant was not present at the time this oral agreement was made and had no knowledge of its existence. Substantial improvements in the nature of business blocks, residences, and cottages were located upon portions of the real estate. Continuously, from the date of the execution of the deed to the bank until the death of John G. Kratli, he had exclusive use, possession, and control of said real estate and the buildings thereon; collected and used the rents derived therefrom; paid all taxes; kept the buildings insured in his name, paying the premiums

himself. After John G. Kratli's death, and at the request of his surviving children and grandchildren who are appellees herein, but without the knowledge or consent of appellant, and without any consideration therefor, the bank executed a deed conveying the real estate to his children and grandchildren, pursuant to said oral agreement. John G. Kratli left a last will and testament, which was admitted to probate in Starke County. By his will, in lieu of any interest which appellant might have in his estate as surviving widow, he gave her a Ford automobile, also canceled all claims he might have for money paid on property in her name, also, provided that if appellant should make any claim against his estate, that the executor should sell the automobile and collect the sums of money which he had advanced to her. All the residue of his estate, whether real or personal and wherever located went to his two sons and four daughters, who are appellees herein. The appellant filed her election to take under the law instead of the will. She is the second childless surviving widow of John G. Kratli. There is no finding that the appellant was indebted to her husband in any sum at the time of his death.

It is the contention of appellant that the deed from John G. Kratlti to the bank, in which she joined as his wife, was void as to her, did not divest her of her interest in the real estate as his surviving widow, because of fraud practiced upon her in its inception and execution. The appellees answer this contention with the assertion that the court failed to find fraud as an ultimate fact, that while the trust was oral, and could not be enforced, it was not void; that it had been fully executed and that therefore, the judgment of the lower court must be affirmed.

Under the law, marriage is a valuable consideration, and the wife is regarded as a purchaser for a valuable

consideration of all property which she receives ██ by virtue of her marital rights. Marriage is not only a valuable consideration, but it is the highest consideration recognized by the law. Husband and wife occupy a relation of special trust and confidence toward each other, and owe, one to the other, the utmost good faith. Whenever the confidence resulting from such a relationship is abused, equity will intervene to right the wrong. *First* v. *First* (1892), 132 Ind. 572, 32 N. E. 731; *Stroup* v. *Stroup* (1894), 140 Ind. 179, 39 N. E. 864; *Bookout* v. *Bookout* (1898), 150 Ind. 63, 49 N. E. 824; *Basye* v. *Basye* (1899), 152 Ind. 172, 52 N. E. 797; *Staser* v. *Gaar, Scott & Co.* (1906), 168 Ind. 131, 79 N. E. 404.

Where the relation of husband and wife exists, the law raises a presumption of trust and confidence on one side and a corresponding influence on the other. ██ "Where such a relation exists between two persons and the one occupying the superior position has dealt with the other in such a way as to sustain a substantial advantage, the law will presume that improper influence was exerted and that the transaction was fraudulent. *Keys* v. *McDowell* (1913), 54 Ind. App. 263, 100 N. E. 385, and cases there cited."

"This so-called presumption, when indulged, arises out of relations which exist between the contracting parties regardless of any facts or circumstances having a tendency to show that a confidence was reposed by one of the parties and an influence gained by the other. Proof of the existence of such a relation between the parties establishes *prima facie* that the dominant party to such relation occupies a position of trust and confidence which he must not abuse. This rule, however, is applied only as against the one who is assumed to be the dominant party in the relation shown." *Westphal* v. *Heckman* (1916), 185 Ind. 88, 113 N. E. 299.

As between husband and wife, the husband, in the absence of facts showing otherwise, is presumed to exercise a superior, dominating influence over the wife in business affairs to such an extent that she depends upon and suffers her conduct to be controlled by his wish and judgment.

"The confidential relation and the transaction having been shown, the burden of proof is upon the person occupying the superior position to establish the integrity of his claim." *Huffman* v. *Huffman* (1905), 35 Ind. App. 643, 73 N. E. 1096; *McCord* v. *Bright* (1909), 44 Ind. App. 275, 87 N. E. 654; *Firebaugh* v. *Trough* (1914), 57 Ind. App. 421, 107 N. E. 301.

In *McCord* v. *Bright, supra*, this court in commenting upon and quoting from *Farmer* v. *Farmer* (1884), 39 N. J. Eq. 211, said, "In such cases the rule that fraud will not be presumed is reversed. The principle is well stated in *Farmer* v. *Farmer, supra*, as follows: 'It may be stated as universally true that fraud vitiates all contracts, but as a general thing it is not to be presumed, but must be proved. Whenever, however, the relations between the contracting parties appear to be of such a character as to render it certain that they do not deal on terms of equality, but that either on the one side, from superior knowledge of the matter derived from a fiduciary relation, or from over-mastering influence, or, on the other, from weakness, dependence or trust justifiably reposed, unfair advantage in a transaction is rendered probable, then the burden is shifted, the transaction is presumed void, and it is incumbent on the stronger party to show affirmatively that no deception was practiced, no undue influence was used, and that all was fair, open, voluntary and well understood.' "

From an examination of the special finding of facts, in the light of the above principles of law applicable to

this case, we have reached the belief that the court erred in its conclusions of law. It cannot be doubted that when John G. Kratlti induced appellant to join him in the execution of the deed of the real estate to the bank as trustee, with the promise that it would be sold and the proceeds derived therefrom invested in Gulfport, Mississippi, it was his ultimate purpose to have the bank convey the land to his children and grandchildren, and thus defeat appellant's rights therein as his wife or surviving widow. He did not exercise that high degree of honor and good faith toward his wife, and make a complete disclosure of all the facts surrounding the conveyance which the law demands from a husband when dealing with her in matters affecting her property and marital rights. "He owed to her the utmost good faith and frankness." These important duties he failed to fulfill. He concealed from appellant the important fact that he had an oral agreement with the bank to convey the land to appellees. He did not intend at that time to carry out the promise which he made to appellant to induce her to sign the deed. "A present state of mind is a present state of fact." It was a fraud upon appellant to conceal from her, his intention to have the real estate conveyed to his children and grandchildren. *Basye* v. *Basye, supra.*

"It has been held in this state that when one person designedly and knowingly causes a false impression or belief to be entertained by another, and the latter is thereby induced to make a contract injurious to his interests, such a contract is so impressed with fraud that the courts will set it aside." *Kemery v. Zeigler* (1912), 176 Ind. 660, 96 N. E. 950; *Sherrin* v. *Flinn* (1900), 155 Ind. 422, 58 N. E. 429; see *Westphal* v. *Heckman, supra.*

Equity regards the substance of a transaction and

not the form. This conveyance was made to a nominal trustee without consideration, it never accepted ██ or had the management or control of the property, and after the death of John G. Kratli, pursuant to his oral instructions, without consideration, and at their request conveyed the property to the appellees. They were not innocent purchasers for value and received the real estate burdened with any rights which the appellant had therein as surviving widow of her deceased husband.

Facts not found in a special finding, as to such omitted facts, amount to a finding against the party having the burden of proof. The burden was ██ upon the appellees in this case, to establish the fact, that when John G. Kratli induced appellant to sign and acknowledge the deed to the bank, he acted in perfect good faith, that he took no advantage of his influence or knowledge and that the contract was fair, adequate and equitable. *McCord* v. *Bright, supra.* The special finding of facts fails to show that appellees have discharged this burden. We hold therefore that on the special finding of facts and the presumptions of law that prevail in cases of this character, the execution of the deed from John G. Kratli and appellant to the bank, was, as to her, procured by fraud practiced upon her by her husband and was therefore void and not binding upon her and that she is entitled to have her title quieted in a life estate in an undivided one-third of the lands of her deceased husband, as against the appellees.

The conclusion we have reached makes it unnecessary to consider the error dependent upon the overruling of appellant's motion for a new trial.

The judgment is reversed with instructions to the trial court to restate its conclusions of law in harmony with this opinion.