EDWARDS ET AL. *v.* WIEDENHAUPT ET AL.

[No. 16,379.   Filed March 5, 1941.   Rehearing denied May 6, 1941.   Transfer denied October 15, 1941.]

*Thomas A. Daily, Wilson S. Daily* and *John H. Daily,* all of Indianapolis, for appellants.

*C. James McLemore* and *Linder & Seet,* all of Indianapolis, for appellees.

FLANAGAN, J.—This action was commenced by a complaint in one paragraph alleging that the defendants had by fraud obtained from the plaintiffs certain deeds, mortgages, and assignments of real and personal property of plaintiffs and asking that said deeds, mortgages, and assignments be set aside and for an accounting.

The defendants answered by general denial. Upon these issues, the cause was submitted to the court for trial. The court filed a special finding of facts, entered his conclusions of law thereon, and rendered judgment granting the relief prayed by the plaintiffs. Defendants duly excepted to the conclusions of law and filed their motion for a new trial, which was overruled.

The first assignment of error is upon the action of the trial court in overruling the motion for a new trial. The grounds of the motion were: (1) That the decision of the court is not sustained by sufficient evidence; (2) that the decision of the court is contrary to law.

Appellants, by the first reason assigned in their motion for a new trial, challenge the sufficiency of the

We have examined the evidence carefully; and while it is true that there is much conflict, we nevertheless evidence to sustain the special finding of the court.

find some evidence to support each of the facts as found by the court. This court cannot weigh the evidence.

Under their second cause for a new trial so assigned, appellants seek to challenge the judgment of the court for the reason that it sets aside and vacates certain written instruments, the vacation of which is not asked in the prayer of the complaint.

The word "decision," as used in subdivision 6, § 2-2401, Burns' 1933, does not refer to the judgment, but has reference to the finding when the trial is by the court. The remedy for an improper judgment is to modify the judgment and not a motion for a new trial. *Smith* v. *Hill* (1929), 200 Ind. 616, 165 N. E. 911.

We find no error in the overruling of the motion for a new trial.

The court found that the appellant Forrest L. Hackley was a practicing lawyer in the city of Indianapolis, that appellant Evan O. Edwards was engaged in the real estate business with offices adjoining those of appellant Hackley, and also was secretary of and agent for appellant American Properties Corporation, a corporation organized to engage in the real estate business.

That on November 24, 1936, there was filed in the Marion Superior Court an action against the appellee Oscar Wiedenhaupt by one Dolly Siied, charging him with assault and battery and seeking $10,000.00 damages. That the appellee Oscar Wiedenhaupt employed appellant Hackley to defend that action; and said Hackley compromised and settled it on December 24, 1936, for the sum of $150.00, obtaining a written release and a stipulation for dismissal of the action. But that appellant Hackley did not file with the court the stipulation for dismissal nor inform his client of the settle-

ment; but, to the contrary, obtained the assistance of the appellant Edwards, and the two conspired to and did fraudulently represent to the appellee Oscar F. Wiedenhaupt that the action brought by Dolly Siied was difficult to settle, that a great amount of money would be required, that the said Oscar F. Wiedenhaupt might, as a result of the action, be sent to prison for from ten years to life, and further fraudulently represented to appellee Herbert R. Wiedenhaupt, a brother of appellee Oscar F. Wiedenhaupt, that he, too, was about to be involved with equally dangerous consequences probable. That Herbert R. Wiedenhaupt was thereby induced to employ appellant Hackley to defend him; and both were induced to transfer to appellants Hackley, Edwards, and American Properties Corporation, by deed, mortgage, and assignment, a large amount of real and personal property. The court further found that although appellant Edwards was not admitted to practice law, he was, nevertheless, as a part of the fraudulent scheme, also employed by appellees in some counselor capacity.

The court concluded that the appellants held the property as trustees for appellees and that appellees were entitled to return of their property and to the execution of such instruments as might be required to make the return effective.

Appellants, by their exception to the conclusions of law, challenge this conclusion and contend that, under the facts so found by the court, appellants were the sole owners of the involved property. We see no merit to this contention. If appellants, as the court found, took advantage of their fiduciary relationship to fraudulently obtain title to property of the appellees, appellees had the right, upon application to a court of equity, to have appellants' title declared

454

that of trustees for the benefit of appellees. *Kratli* v. *Booth* (1934), 99 Ind. App. 178, 191 N. E. 180; *Thomas* v. *Briggs* (1934), 98 Ind. App. 352, 189 N. E. 389; *Huffman* v. *Huffman* (1905), 35 Ind. App. 643, 73 N. E. 1096.

The trial court further concluded that appellees were entitled to an accounting for rents and profits from the property while it was in the hands of appellants, but that, since appellants did render some legal services, they would be entitled to set off, in the accounting, the reasonable value of such services so rendered. Appellant Hackley complains of this conclusion that it permits appellant Edwards, who is not admitted to the bar, to collect attorney fees.

The right of a fiduciary who has breached his trust to collect anything for services is not before us.

Appellant Hackley is given an opportunity to receive compensation in full for all services rendered by him. Any allowance to appellant Edwards cannot harm Hackley, and he cannot complain.

Finding no reversible error in the record, judgment is affirmed.

NOTE.—Reported in 32 N. E. (2d) 106.