## JOHNSON v. FOX.

[No. 16,587. Filed January 22, 1942. Rehearing denied March 24, 1942.]

*Joseph K. Brown* and *Elijah L. Johnson,* both of Indianapolis, and *Harney F. Semones,* of Danville, for appellant.

*Carl Humble,* of Spencer, and *Archie J. Kahl,* of Danville, for appellee.

CURTIS, J.—The original complaint in this action was filed June 5, 1939, in a Justice of the Peace Court of Center Township, Marion County, Indiana, by the appellant against the appellee, Julia E. Fox, and three other persons who were living as roomers in her home. The action was for the possession of real estate upon the theory that the appellant was the landlord and that the defendants in said action were tenants. The appellee, Julia E. Fox, obtained a change of venue to the Marion Municipal Court and filed therein a counterclaim in two paragraphs to set aside a certain deed relied upon by the appellant together with a certain contract in relation thereto, and to quiet title to the real estate involved, and for a restraining order against the appellant to prevent him from interfering with her possession of said real estate, and also a prayer for damages. There was also a verified petition filed by her to transfer said cause to a court of competent jurisdiction so that the questions presented by her, as well as the questions presented by the complaint, could be determined. The other defendants in the court below filed answer in general denial to the complaint. They later on gave up possession. On June 20, 1939, the appellant filed a second paragraph of complaint presenting substantially the same questions presented in his original complaint.

The cause was duly transferred to the Superior Court of Marion County. Afterwards, there was a change of venue taken from Marion County, and the cause was sent to the Hendricks Circuit Court for trial. To the appellee's second paragraph of counterclaim, the appellant filed answer in general denial. Upon the issues joined, the cause was submitted to the court for trial,

resulting in the finding and judgment for the appellee and all codefendants upon the appellant's complaint and for the appellee against the appellant on her cross-complaint and counterclaim. The finding upon the cross-complaint of the appellee, Julia E. Fox, was in effect that the allegations of her cross-complaint were true, and that the deed and contract mentioned therein should be cancelled and set aside and declared null and void, and that the title of said Julia E. Fox to said real estate should be quieted, and that the appellant, Elijah L. Johnson, should be enjoined and restrained from entering upon the said premises or annoying said Julia E. Fox, and that he should be restrained from claiming any right or title in or to said described real estate, and that said Julia E. Fox had been damaged, as alleged in her counterclaim, in the sum of $15.00, and that the costs of this action should be taxed against the appellant. The judgment and decree followed the finding.

The appellant seasonably filed a motion for new trial, which was overruled with an exception. The error assigned is the ruling on said motion. The causes or grounds of said motion are: That the decision of the court in its finding against the plaintiff upon his complaint is not sustained by sufficient evidence, and is contrary to law; and that the decision of the court in its finding against the plaintiff upon the cross-complaint of Julia E. Fox is not sustained by sufficient evidence and is contrary to law; and that the court erred in its decision restraining the appellant as above indicated; and that the amount of damages assessed is erroneous, being too large.

The error assigned requires a consideration of the evidence by this court. No citation of authority is re-

quired to the general proposition of law that in the consideration of the evidence, we are required to consider the evidence most favorable to the appellee. There was accordingly evidence before the court tending strongly to show that the appellee was a crippled and ignorant elderly colored woman without any business experience; that she was induced by the appellant to make a deed to the appellant covering her real estate and to make a contract with him in relation thereto; and that she relied upon the appellant, as her lawyer, to prepare all papers and to protect her in all matters relating to the business transaction involved herein so as to preserve for her a life estate and home in the said property; that the appellee and her husband, while he lived, were owners by the entirety of the real estate involved in this litigation worth between $4,000.00 and $5,000.00, subject to a mortgage in the sum of approximately $2,600.00 which the appellee and her said husband, before his death, had placed on the property; and that after her husband's death, the appellee had no near relatives; that the appellant told her that he was a lawyer in good standing and a member of the same lodge as the deceased husband, and that the deceased husband had asked him to look out for the appellee, and that the appellant was therefore her "Christian friend and legal advisor under his duty and by his promise to her deceased husband," that the appellant would pay all encumbrances and bills incident to said property and give the appellee a home on the south side of the double house thereon for her life, protecting her in said property as her lawyer for the $15.00 a month rental from the north side of said double house, and that said property would remain the appellee's property for her life, and that the appellant would become the owner at appellee's death; that when

the deed and contract involving the transaction herein were presented to her by the appellant, after he had prepared them, she read them but did not understand their meaning and relied upon the appellant's explanation; and that the appellant concealed in the papers the warranty deed which she then signed without knowing that she was signing a deed; and that at said time the appellant told her that she would have her home for life just like she had had when her husband was living; that the only consideration for the deed was the said contract; and that thereafter the appellant collected more money from the property than he paid out; that about two (2) years later the appellee was granted a $15.00 a month pension as an old age assistance, and that thereafter the appellant demanded that she pay him the amount of said pension; and that at that time he threatened to put the appellee out of said property unless she paid him the said additional $15.00 a month, although previously the appellant for more than two years had been receiving only the rental of $15.00 a month from the north side of the house together with $3.00 a month he received for a garage upon the property. That from the time the deed and contract were executed up until the time the appellee received her pension, the appellant received only the rental as above indicated, but that after the said pension was granted and paid to the appellee, the appellant asked her to vacate the premises or else pay him the said pension; that eventually the appellant told the appellee that he had a deed to the property and that he was the sole owner thereof, and that she could not dispute the deed "under penalty of the law." The trial court weighed the evidence, some of which we have heretofore set out, and reached the conclusion that the deed and contract were fraudulent and should be set aside, which the court

704

accordingly did. Under the evidence, we think the trial court had an ample basis for the conclusion it reached. Under the circumstances described in the evidence, the appellant owed to the appellee a high degree of good faith. See *Teegarden* v. *Ristine* (1914), 57 Ind. App. 158, 106 N. E. 641; *Kemery* v. *Zeigler* (1912), 176 Ind. 660, 96 N. E. 950; *Jones, Admr.* v. *Hurst* (1925), 83 Ind. App. 647, 149 N.E. 449; *Ray* v. *Baker* (1905), 165 Ind. 74, 74 N. E. 619.

The evidence strongly supports the conclusion, evidently reached by the trial court, that the appellant grossly abused the trust and confidence which the appellee had the right to and did place in him, under the facts shown.

No reversible error having been presented, the judgment herein is affirmed.

NOTE.—Reported in 38 N. E. (2d) 865.